### 46184. HOLLAND-AMERICA LINE v. UNITED CO-OPERATIVES, INC. et al.

BELL, Chief Judge. 1. Plaintiff was granted a summary judgment against the defendant Holland-America Line as to liability only, leaving in issue the amount of damage. After entry, both parties entered into a stipulation of fact that "the amount of plaintiff's damages is $1,319.81 and plaintiff shall not be required to prove this amount upon trial of the case." Then plaintiff filed a motion for "judgment on the pleadings" which was granted. The defendant appeals from this later judgment and enumerates the grant as error. Although termed as a motion for judgment on the pleadings, it is readily apparent that matters outside the pleadings were considered by the trial court, the stipulation as to damage, and we treat the grant of plaintiff's motion as an additional one for summary judgment. The stipulation of fact which had not been withdrawn constituted a solemn admission in judicio and is conclusive so as to preclude either party from introducing evidence to disprove or contradict. *Code* § 38-114; *U. S. Fidel. &c. Co. v. Clarke,* 187 Ga. 774 (3) (2 SE2d 608). Thus, the effect of the stipulation was to

remove the sole remaining issue in the case and plaintiff was entitled to judgment as a matter of law.

2. After the grant of plaintiff's motion for summary judgment on the issue of liability and prior to the grant of the motion on the damages discussed in Division 1 of the opinion, the defendant filed a motion to implead the Georgia Ports Authority as a third-party defendant. The latter moved to dismiss. The trial court sustained the motion to dismiss and denied the motion to implead the Authority as a party defendant. The motion to implead was made approximately eight months after the defendant filed its original answer in the case. As this occurred more than ten days after the original answer, the defendant was required to obtain leave of court to implead a third party. CPA § 14 (a); (*Code Ann.* § 81A-114). Thus the motion was addressed to the court's discretion. Merritt-Chapman & Scott Corp. v. Frazier, 289 F2d 849. Impleader under CPA § 14 is permissive and not compulsory and the failure to implead by an original party or the trial court's refusal to permit a third-party complaint to be filed affects none of the original party's substantive rights. 3 Moore's Federal Practice § 14.06. Considering that the motion was filed approximately 8 months after the original answer and after the grant of summary judgment fixing liability between the original parties, we cannot hold that the court abused its discretion in denying the motion to implead the Georgia Ports Authority. Appellate courts will not interfere with the exercise of discretion by the trial court in the absence of abuse. *Williamson v. Lunsford,* 119 Ga. App. 240 (4) (166 SE2d 622). The orders appealed from are

*Affirmed. Pannell and Deen, JJ., concur.*

Submitted May 3, 1971—Decided September 7, 1971.

*Brannen & Clark, Fred S. Clark,* for appellant.

*Adams, Adams, Brennan & Gardner, John W. Minor, Bouhan, Williams & Levy, James M. Thomas,* for appellees.