47481.   JENKINS v. CHAMBERS et al.
47482.   CENTRAL OF GEORGIA RAILWAY COMPANY v. CHAMBERS et al.

EBERHARDT, Presiding Judge. On May 3, 1971, Will F. Chambers brought suit against Central of Georgia Railway Company and its engineer, Henry A. Jenkins, alleging that he was injured in a crossing collision while riding as a passenger in a truck being operated by one

James Pate. Defendants answered on June 1, 1971, alleging that "the crossing was not a blind crossing to operators of vehicles approaching it on Lamore Street, [and that] if James Pate, driver of the vehicle in which plaintiff was a passenger, had observed ordinary care in the operation of the vehicle he would have seen and heard [the Central of Georgia] train as it approached the crossing and would have stopped before driving onto the crossing and into the train."

Three days after filing their answers defendants filed third-party complaints against one W. T. Chambers, alleging that he was owner of the truck driven by Pate; that Pate was his servant and acting within the scope of his employment; that Pate negligently approached the crossing, did not stop or slow down but negligently crashed the truck into the train; that Pate negligently ignored the train's bell and whistle and negligently failed to look to his left to see whether a train was approaching; that Pate did not stop at a point between fifty and fifteen feet from the nearest rail at the crossing as the law requires that he should have done; and that Pate's negligence was the contributing proximate cause of the collision.

On February 18, 1972, more than eight months after filing the above answers and third-party complaints against W. T. Chambers, defendants moved for leave to file third-party complaints against Pate himself, alleging that they had been unable to file them from August 25, 1971, to February 11, 1972, because of an injunction issued in another proceeding. When the hearing on the motions was held on June 8, 1972, the case had been pending for over thirteen months. The trial court denied the motions, and defendants appeal with certificates, contending that the trial court abused its discretion in denying the motions.[1] *Held:*

---

[1] Although Pate filed objections to the motions, he made no appearance at the hearing below and has made none here. As to the procedural devices available to the proposed

1. In attempting to demonstrate that the trial court abused its discretion in denying the motions for leave to file third-party complaints against Pate, defendants purport in their brief to relate the arguments made or not made at the hearing and to state the reasons why the trial court denied the motions. In particular, it is contended that the trial court at the hearing below did not consider the timeliness of the motions as a factor governing the exercise of its discretion. Plaintiff does not agree with this statement of the case (see Rule 18 (b) (1), this court), and since the matters asserted do not appear of record, they will not be considered on appeal. See, e.g., *Jenkins v. Board of Zoning Appeals,* 122 Ga. App. 412 (2) (177 SE2d 204) and cits.; *R. & S. Management Co. v. Huntley,* 119 Ga. App. 712 (168 SE2d 626) and cits. Consequently, if the record reveals any sufficient reason for the trial court, in the exercise of its legal discretion, to deny the motions (the reason for the denial not being specified in the judgment), the judgment must be affirmed. Cf. *Hill v. Willis,* 224 Ga. 263, 267 (161 SE2d 281); *Turk v. Jackson Electric Membership Corp.,* 117 Ga. App. 631 (161 SE2d 430).

2. The decision whether to grant or deny a motion for leave to implead a third-party defendant is one committed to the sound discretion of the trial court, and the timeliness of the motion is a factor governing the exercise of such discretion. Merritt-Chapman & Scott Corp. v. Frazier, 289 F2d 849 (CA 9); General Electric Co. v. Irvin, 274 F2d 175 (CA 6); Ryan Ready Mixed Concrete Corp. v. Franki Foundation Co., 229 F2d 289 (CA 2); United States v. Shuman, 1 FRD 251 (D. C. W. Va.); Bull v. Santa Fe

---

third-party defendant where third-party plaintiff seeks to bring him in by leave of court, see 3 Moore's Federal Practice 636, § 14.18[2.-2]. Plaintiff opposed the motions for leave to implead below, and seeks to uphold the trial court here. See 3 Moore, supra, 505, § 14.05; 6 Wright & Miller, Federal Practice and Procedure 207, § 1443.

Trail Transp. Co., 6 FRD 7 (D. C. Neb.); Spaulding v. Parry Navigation Co., 10 FRD 290 (D. C. N. Y.); Casey v. Calmar S. S. Corp., 138 FSupp 751 (D. C. Del.); Reid v. C. H. Cronin, Inc., 21 FR Serv. 14a.-132, Case 1 (D. C. N. Y.); Johns Hopkins Univ. v. Hutton, 40 FRD 338 (D. C. Md.); Handlos v. Litton Industries, 51 FRD 300 (D. C. Wis.); Capato v. Great Atlantic & Pacific Tea Co., 14 FR Serv2d 821 (D. C. Pa.); Leon v. Schrader, 14 FR Serv2d 1497 (D. C. Pa.); Goodman v. Neff, 251 FSupp 562 (D. C. Pa.); Rodeheaver v. Sears, Roebuck & Co., 34 FRD 488 (D. C. Ohio); Braun v. Hecht Co., 21 FRD 391 (D. C. N. Y.); McLouth Steel Corp. v. Mesta Mach. Co., 116 FSupp 689 (D. C. Pa.); Holstlaw v. Southern R. Co., 9 FRD 276, 278 (D. C. Mo.). Where the motion is not promptly made and the movant offers no reasonable excuse for the delay, the motion may properly be denied. Merritt-Chapman & Scott Corp. v. Frazier, 289 F2d 849, supra; Capato v. Great Atlantic & Pacific Tea Co., 14 FR Serv2d 821, supra; Meilinger v. Metropolitan Edison Co., 34 FRD 143 (D. C. Pa.).

3. In striving to establish an excuse for the delay, defendants have attached as Exhibits "A" and "B" to their brief copies of orders entered in another proceeding which it is contended enjoined them from attempting to make Pate a third-party defendant for the period August 25, 1971, until February 11, 1972. As previously indicated this excuse was alleged in the motion, but the orders were not introduced at the hearing.

Defendants argue that the trial court could have taken judicial notice of these orders. This is true only if the orders "[grew] out of the same litigation." *Fitzgerald &c. Co. v. Alpha Cement Co.,* 15 Ga. App. 174, 178 (82 SE 774); *Baker v. City of Atlanta,* 211 Ga. 34 (3) (83 SE2d 682); *Woodruff v. Balkcom,* 205 Ga. 445 (2) (53 SE2d 680); *Branch v. Branch,* 194 Ga. 575 (22 SE2d 124). Though it may be inferable that the subject matter of the litigation before the court may in some way or to some extent have been involved in the injunction suit, we cannot say that it was the same litigation or that the

court below should have judicially noticed it to be such. Unless that appears, the rule of *Boston Insurance Co. v. Barnes,* 120 Ga. App. 585 (1) (171 SE2d 626) applies.

In any case, the exhibits to the brief, which do not appear in the record or the transcript, cannot be considered by this court and they furnish no basis for a reversal. *Lamb v. Nabers,* 224 Ga. 396 (1) (162 SE2d 336); *Airport Associates v. Audioptic Instructional Devices, Inc.,* 125 Ga. App. 325 (2) (187 SE2d 567).

4. Defendants seem to say by way of excuse that they did not have enough information to bring a third-party complaint against Pate. However, this contention is without merit in view of the allegations of Pate's negligence in defendants' answers and in the third-party complaints against W. T. Chambers seeking to hold him responsible under respondeat superior for such negligence on Pate's part.

5. Defendants-appellants having failed to carry their burden of establishing a reversible abuse of discretion by the record, the judgments must be

*Affirmed. Deen and Clark, JJ., concur.*

ARGUED SEPTEMBER 15, 1972—DECIDED SEPTEMBER 27, 1972.

*Hatcher, Stubbs, Land, Hollis & Rothschild, William· B. Hardegree,* for appellants.

*Kelly, Champion, Denney & Pease, S. E. Kelly, Edward Szczepanski,* for appellees.