49335. FRANK B. WILDER & ASSOCIATES v. ST. JOSEPH'S HOSPITAL, INC. et al.
49336. DOW CHEMICAL COMPANY v. ST. JOSEPH'S HOSPITAL, INC. et al.
49337, 49338, 49339. CONTINENTAL CASUALTY COMPANY v. ABREU & ROBESON, INC. et al. (three cases).

374

ARGUED MAY 8, 1974 — DECIDED JUNE 24, 1974 — REHEARING DENIED JULY 12, 1974 —

*Brannen, Wessels & Searcy, Charles H. Wessels,* for Frank B. Wilder & Associates and Dow Chemical Co.

*Smith, Currie & Hancock, Edward H. Wasson, Jr., John D. Sours,* for Continental Cas. Co.

*Fendig, Dickey, Fendig & Whelchel, Albert Fendig, Jr.,* for Abreu & Robeson, Inc.

*E. Ormonde Hunter,* for St. Joseph's.

DEEN, Judge.

1. We first consider the primary controversy involved in the appeals, which is whether it was error to order these appellants to be sucked into the vortex of this litigation some two and a half years after its commencement. Ordinarily such a time span would seem to be excessive, especially since a considerable amount of testimony had been presented to the auditor. But is this overall time span properly to be considered in deciding the question?

Norair, the original defendant, impleaded Abreu and Robeson under the provisions of Code Ann. § 81A-114 (a). It could not make the architect a party defendant as to the plaintiff, because the plaintiff may ordinarily choose whom it wishes to sue. It could not bring the architect into the proceedings by means of cross claim under Code Ann. § 81A-113 (g) because such a claim must be a "claim by one party against a co-party" and until Abreu and Robeson was brought in by the third-party complaint it was not in any sense a party to the action. Under Code § 81A-114 (a) the plaintiff "may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." St. Joseph's, as defendant in Norair's counterclaim, properly impleaded Abreu as third-party defendant therein. The latter, as such third-party defendant, "may proceed

under this section against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant" (Wilder and Dow Chemical) and may also "assert any claim against the plaintiff" arising out of the transaction, as, here, the count for architect's fees. Until Abreu & Robeson was impleaded by the *plaintiff,* it was not necessary for it to file any claim against the plaintiff. The specific issues here dealt with were not raised in the third-party claim of Norair, which also joined seven subcontractors but not the two here involved, and which simply alleged a general lack of adequate supervision and prayed for a judgment equitably proportioned among the eight third-party defendants of any judgment rendered in favor of the plaintiff against Norair. These were the claims Abreu & Robeson was defending against prior to the amendment of St. Joseph's making it a third-party defendant to the counterclaim, the date of which pleading was January 4, 1973. The motion for action over against these appellants was filed on February 9, a lapse of 36 days. We consider this timely, when found by the trial court to be so, within the meaning of *Jenkins v. Chambers,* 127 Ga. App. 200 (1) (193 SE2d 222). Where the court allows the pleading, there is no built-in requirement as to when it must be filed. Such a motion is addressed to the discretion of the court. See *Holland-America Line v. United Co-ops, Inc.,* 124 Ga. App. 375 (2) (183 SE2d 620); and see 3 Moore's Federal Practice § 14.18 [2.-1]. Even when entered, the court may, in the interests of justice, vacate the order and reverse its position regarding the making of parties, so long as there is no abuse of discretion and the delay works no undue hardship upon the new defendant entered in the lists. That this is true under the corresponding Federal practice, see Duke v. Reconstruction Finance Corp., 209 F2d 204.

In an attempt to demonstrate that undue prejudice has in fact accrued to these defendants, the appellants set out in their briefs excerpts from testimony taken prior to the order finally adjudicating their status. It is true that the transcript of testimony runs to some 3,500 pages, but out of all this less than a score deal with the issues

specifically raised in these third-party complaints. Examining the voluminous record, and especially those parts to which we have been directed by the parties, we conclude that the specific counterclaim and liabilities over which involve these three entities are so much a part of the overall picture that it is well to decide them in a single action, and that these defendants have not in fact been damaged by the testimony to date. Their right to generate counter-testimony is unimpaired. We find no merit in the contention that Code Ann. § 81A-119, relating to the joinder of persons "needed for a just adjudication" negatively affects the question before us. The same is true of Code Ann. § 81A-113 (h), as this entire section deals with counterclaims and cross claims. The situation involved is covered in that part of Code Ann. § 81A-114 (a) which states: "A third-party defendant may proceed under this section against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant," such third-party defendant being Abreu and Robeson in its defense against St. Joseph's defendant in the counterclaim of Norair. Liability for architectural fees is one of many issues involved in determining the rights of the various parties to damages. So are the alleged failures or deficiencies of the various sub-contractors as to the part each played, if it did, in delaying the project or failing to bring it up to a proper standard. We find no abuse of discretion in making the appellants parties to the action.

2. In cases Nos. 49337 and 49338 Continental Casualty Co. contends that the court erred in requiring it to respond to certain requests for admission and to produce certain documents on the ground of lack of jurisdiction. The order making it a third-party defendant was dated June 1, 1973, and the appeal therefrom filed within the month on a certificate of appealability. The orders relating to production of evidence were dated October 2, 1973, and the hearing which resulted in their entry took place after the notice of appeal was filed in the trial court but before the case was docketed in this court.

The appellant insists that the question is controlled by *Leonard Bros. & Co. v. Crymes Transports,* 124 Ga.

App. 341 (183 SE2d 773). We held there that when a preliminary ruling is sought to be appealed and the trial court grants a certificate to the effect that the order (in that case one requiring production of documents) is of such importance that immediate review should be had, under Code Ann. § 6-701 (a 2), and the case actually *is* appealed on certificate and is pending in this court, the trial court may not, prior to a decision by this court, impose sanctions against the movant for failure to comply with the very order pending on appeal, render final judgment against the movant and thus moot the jurisdiction of this court. A far different situation results where the main case has not reached this court and where the ancillary order is not final in character. The orders in cases 49336 and 49337 contain no reversible error.

*Judgments affirmed. Stolz, J., concurs. Eberhardt, P. J., concurs specially.*

EBERHARDT, Presiding Judge, concurring specially.

It is with the greatest trepidation that I join in the judgment here. I fear that this will be taken as an approval of annexing new parties in various postures after great delay, though my brethren assure me that they do not so intend. The holding in *Jenkins v. Chambers,* 127 Ga. App. 200 (2) (193 SE2d 222) is not invalidated by the ruling of today, else I could not join in this judgment.

There is merit in the fact, as Abreu & Robeson, Inc. urges in its brief, that within 36 days after its posture in the case was altered from that of a defendant to cross claims only (having been dismissed as a defendant vis-a-vis the plaintiff) to a third-party defendant it sought and obtained the order allowing it to implead appellants as third-party defendants. There is complaint that this is permitting a "Christmas Treeing" of the main action and at an inappropriate time. We must allow the trial judge latitude in the exercise of his discretion, though not to the point of abuse.

Another consideration is that the court has a right to afford separate trials for any of the parties who may have suffered harm by reason of the delay, or by reason

of having been joined to the festooning action at a time when the taking of depositions, etc., in the process of discovery or in the proceedings before an auditor has been done without allowing them to open packages by cross examination of witnesses. Code Ann. § 81A-120 (b). It appears that the main case has already been tried before an auditor, and thus separation of the causes has been given effect. We must assume that this will continue wherever it appears that any other course of action would work unreasonable harm or expense to the parties involved. On the separate trial of any issue the evidence upon which the party plaintiff relies must be introduced afresh, giving the defense ample opportunity to cross examine, etc. and avoiding much of what appellants complain about.