## 32460. CHEROKEE NATIONAL LIFE INSURANCE COMPANY v. COASTAL BANK OF GEORGIA.

NICHOLS, Chief Justice.

The appellee in this case, Coastal Bank of Georgia, instituted an action for reformation of a credit life insurance policy so as to change the name of the insured person.

The bank contracted with appellant insurance company for purposes of soliciting and issuing credit life insurance on the bank's debtors. Ralph Wade, an employee of the bank and a licensed insurance agent, was the approved agent of the insurance company for purposes of writing insurance.

A loan of $10,466.42 was made by Mr. Wade on July 21, 1974 to Mr. and Mrs. Cofer. The note was signed by "William L. Cofer" and "Mrs. Frances L. Cofer." The evidence submitted indicated that both Mr. Wade and the Cofers intended that William L. Cofer be the insured under the credit life insurance policy which was issued concurrently with the loan.

In assisting Mr. Wade, a secretary employed by the bank made an error in transcription. The result was that the form which was submitted by Ralph Wade to the insurance company which listed the new debtors who had purchased the credit life insurance, showed "Frances L. Cofer" as the insured. When William L. Cofer died and claim was made by the bank upon the insurance company for payment of the proceeds under the policy, the mistake was discovered. This suit for reformation followed, and a jury found for the bank.

1. The insurance company enumerates as error the trial court's denial of its motion to file a third-party complaint against Ralph Wade. It is argued that the trial court improperly denied the motion when it refused to weigh the possible prejudice to the parties involved.

Code Ann. § 81A-114 provides: "[a]t any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer. Otherwise, he must obtain leave on motion upon notice to all parties to the action."

The insurance company filed its third-party complaint approximately nine months after it had filed its answer to the bank's complaint. As said in *Jenkins v. Chambers,* 127 Ga. App. 200, 202 (193 SE2d 222) (1972),

"[t]he decision whether to grant or deny a motion for leave to implead a third-party defendant is one committed to the sound discretion of the trial court, and the timeliness of the motion is a factor governing the exercise of such discretion." The *Jenkins* decision further held: "[w]here the motion [for interpleader] is not promptly made and the movant offers no reasonable excuse for the delay, the motion may be properly denied." Id. p. 203.

In its order denying the insurance company's motion for leave to file the third-party complaint, the court noted that "no explanation for the insurance company's lengthy delay has been made to this court." It cannot be said that the trial court has abused its discretion in this case.

*Jenkins* does not support the insurance company's position that the trial court is under an obligation to make an express determination of possible prejudice to the parties to the action before it may rule on a motion made under Code Ann. § 81A-114. When a defendant seeks to bring in a third party nine months after his answer has been filed, the trial court's decision on the matter will not be reversed unless a clear abuse of discretion is shown.

2. The trial court also based its decision to deny the insurance company's third-party complaint on the ground that the third-party complaint did not involve the same subject matter as the original action. The question of whether this was a correct analysis need not be reached in light of the alternate ground of the court's decision, to wit: lack of any explanation of the nine-month delay. Therefore, this enumeration is not examined.

3. The insurance company contends that the trial court erred when it failed to join Frances Cofer as a party because Mrs. Cofer is an indispensable party to the litigation.

It is the general rule that all parties interested in the subject matter of litigation seeking equitable relief should be joined as parties. An exception to this rule was recognized in *Steadham v. Cobb,* 186 Ga. 30 (196 SE 730) (1938). "While the absence of an essential party would constitute a fatal defect, this would not be true as to one who would have been a proper party, but whose presence in the case was not essential. The determination of this

question will depend upon whether the absent party would have been adversely or prejudicially affected by the judgment." Id. p. 41. The court in *Steadham* held that the party not joined was not essential because he would not be injured by the decree of reformation; rather, the decree of reformation would "redound to his benefit, since it would tend to relieve him from liability . . ."

Similarly, a decree of reformation in the case sub judice would "redound to the benefit of Frances Cofer." When Frances Cofer co-signed the note, she made herself jointly liable with her husband for its payment. As a result of William Cofer's death, Frances Cofer is charged with the potential liability resulting if William Cofer's estate is insufficient to pay the amount due on the note. The benefit to Mrs. Cofer of an action which seeks ultimately to have credit life insurance proceeds pay the deficit is without question.

4. The insurance company argues that the trial court erred when it refused to charge the jury that reformation of a life insurance policy based on mutual mistake is not allowable when the person to be named as insured upon reformation is dead at the time the suit for reformation is initiated. *Loggins v. North American Acceptance Corp.*, 230 Ga. 887 (199 SE2d 792) (1973), relied heavily upon by the insurance company is merely a decision which reviewed the sufficiency of the evidence. There was no evidence there to show that the wrong party was insured. Moreover, that case sought injunctive relief, not reformation. The evidence in this case abundantly supports the bank's charge of mutual mistake and clearly shows that William Cofer was the intended insured. Reformation is an action intended to "do equity" among the interested parties by changing completed transactions to reflect true intentions. We cannot say that the death of William Cofer in this situation changes the equities involved and bars this action for reformation.

5. Finally, the insurance company argues that the trial court erred when it denied the insurance company's motions to dismiss for failure to state a claim upon which relief can be granted, to direct the verdict and to grant a judgment notwithstanding the verdict, or in the alternative, a new trial. These motions were based upon

the insurance company's argument that the bank failed to meet evidentiary burdens of proof in establishing mutual mistake. The evidence amply supports the jury's verdict and we find no error.

*Judgment affirmed. All the Justices concur, except Hall, Bowles and Marshall, JJ., who dissent.*

ARGUED JULY 11, 1977 — DECIDED SEPTEMBER 8, 1977 — REHEARING DENIED SEPTEMBER 29, 1977.

*O'Neal, Stone & Brown, Lamar W. Sizemore, Jr., Nightingale, Liles & Dennard, Bernard N. Nightingale, Kaplan & Hershner, Jerome L. Kaplan,* for appellant.

*Fendig, Dickey, Fendig & Whelchel, J. Thomas Whelchel, C. Edward Nicholson,* for appellee.