## 57299. YOUNG v. JONES.

BIRDSONG, Judge.

Legal malpractice. The facts of this rather convoluted case show the following evolvement: Mr. and Mrs. Jones were in their personal automobile with Mr. Jones driving. They approached a railroad crossing in Albany at about midnight. There was evidence that a small hill or embankment at least partially blocked the view of the track as it approached the crossing from the south. In addition, there was some underbrush. The crossing had a constantly flashing light but no warning bell or gate. The Jones stopped but could not see clearly up the track. Mr. Jones slowly advanced with both Jones looking to see if the way was clear. Seeing nothing (there was a curve in the track from the south approximately 1,000 feet from the crossing), Mr. Jones accelerated and proceeded to cross the tracks. Simultaneously, they saw a bright light, and the front of their car was struck by a train proceeding at a speed estimated to be from 35-40 mph. The City of Albany had an ordinance requiring a speed no greater than 15 mph in the city limits at a crossing with no warning bell or gate. Both the Jones were injured, with Mrs. Jones being the more severely injured. The appellant, Ms. Young, is a licensed practicing attorney in the Albany area. She was referred to the Jones through a mutual acquaintance. The Jones agreed to

retain Ms. Young to represent them in any lawsuit or negotiations dealing with this accident.

Ms. Young ascertained that the engineer was one Watson. She commenced an investigation of the incident and was contacted by a claims agent who left his card and corresponded with Ms. Young on stationary that bore a letterheard similar to the card, namely "The Southern Railway System." There was evidence that the Jones were willing to compromise and settle their claim for $75,000, $50,000 for Mrs. Jones and $25,000 for Mr. Jones. The claims agent for Southern Railway Systems countered with an offer of $20,000. The Jones then countered with an offer of $35,000. At this point, negotiations were broken off.

After well over a year had elapsed from the time of the accident, the Jones became impatient with the progress and cajoled Ms. Young into filing suit in Dougherty County against Watson (the engineer) who resided in Lowndes County, and against Southern Railway Systems, purportedly the offending railroad, headquartered in Bibb County. In due course, a motion to dismiss was filed by Southern Railway Company asserting that it was not aware of an entity known as "Southern Railway Systems" but due to the similarity of names moved to have the suit dismissed as being brought against a nonentity. The suit was brought in Dougherty County as the county in which the accident occurred. The motion to dismiss also extended to Watson on the ground that there was no proper defendant in Dougherty County and therefore no jurisdiction existed in Dougherty County as to Watson, a resident of Lowndes County. The motion to dismiss indicated that the owner of the train which was being operated by Watson was owned by the Georgia Southern and Florida Railway Company, who employed Watson, and the tracks were owned by Georgia Northern. Ms. Young, being under the belief that the generalized appellation "Southern Railway Systems" was sufficient to include all railroads of the system, including Georgia Southern and Florida as well as Georgia Northern, delayed amending the pleadings to show the specific owners of the engine and tracks. The evidence reflects that Ms. Young did not utilize depositions or

interrogatories or pursue any other discovery procedure during this time frame to determine the true identity of the proper parties at interest.

The Jones at about this time in the progress of the case became uneasy with their representation and sought to obtain the services of a "railroad expert." Ms. Young offered several names but all were rejected by the Jones. The Jones then sought the services of an attorney from Florida named Beckham. There is a dispute at this point as to whether Ms. Young became an in-state agent for Beckham or whether they were associates in the prosecution of the case. At any rate, the evidence (though disputed) shows that Beckham advised Ms. Young that Southern Railway Systems was a nonentity and recommended that she file a new suit naming the proper railroads as defendants or alternatively amend the original pleadings. to add the proper defendants. Ultimately, Ms. Young made a motion to add new parties defendant. She obtained a rule nisi for March 4, 1975. The accident having occurred on March 3, 1973, the two-year statute of limitations for personal injury, ran on March 2, 1975. At the hearing, the trial court dismissed the suit against Southern Railway Systems as being a legal nonentity. The court dismissed the suit against Watson for lack of venue. The court then denied the motion to add the new defendants on the ground that the statute of limitations had run on the action and because there was no suit pending in Dougherty County which could be amended. Shortly thereafter, Georgia Northern and Georgia Southern and Florida Railways settled the property damages with the Jones for $5,000 taking a general release therefor, but with the release expressly reserving the suit for malpractice against Ms. Young and the second attorney, Mr. Beckham. Beckham also paid over to the Jones a sum of $3,700 and the action against Beckham was dismissed. Subsequently, the Jones retained a third firm to represent them in the present action alleging malpractice against Ms. Young and Beckham. Ms. Young apparently intended to file an appeal to the dismissal of the action but after being released from the case, she took no further action and the dismissal became final. During the trial, the trial court

allowed the plaintiff (the Jones) to present evidence showing the purported negligence of the railroads, the solvency of the railroads and their ultimate amenability to judgment, and then as a part of the bifurcated trial, evidence showing the alleged negligence on the part of Ms. Young in failing to protect the rights of her clients, the Jones. At the conclusion of the evidence, Ms. Young moved for a directed verdict, which was denied by the trial court. The jury returned a verdict for the Jones in an amount of $35,000. This verdict was made the judgment of the court. Ms. Young then moved for a judgment n.o.v. which also was denied by the trial court. This appeal followed, enumerating ten alleged errors. *Held:*

1. In her first enumeration of error, appellant argues that it was error to deny her motion for directed verdict because the release of the railroads signed by the Jones absolved Ms. Young from any liability as to joint tortfeasor. Initially, we are at a loss to see how Ms. Young became a joint tortfeasor in the negligence of the railroads in causing injury to the Jones. Pretermitting that observation, however, we observe from the pleadings that a release in the eyes of the law is an affirmative defense which must be specially pleaded, Ms. Young at no time raised this issue in her pleadings, either by her original pleadings or by any amendment thereto. At trial, she did not raise the issue before the jury by introducing evidence to show a release. She was allowed to perfect the record by offering evidence after the jury had dispersed, but the evidence was not admitted on the merits by the court on objection by the defendants, the Jones.

A party cannot assert an alleged affirmative defense which has not been specifically pleaded. *Young v. Bozeman,* 229 Ga. 195, 204 (190 SE2d 523). This issue, not being presented at the trial level, may not be raised for the first time on appeal. *Johnson v. Heifler,* 141 Ga. App. 460, 461 (233 SE2d 853). This enumeration presents nothing for review.

2. In her next two enumerations, Ms. Young argues that it was error to allow evidence over her objection as to the existence and contents of settlement negotiations with the railroads and the evidence that the railroads were solvent at least to the extent that they could

withstand a judgment of $100,000. Appellant's argument would have more merit if this suit did not involve legal malpractice directly related to the personal injury action. It was necessary for the Jones to show that not only were they entitled to a judgment against the tortfeasors (the railroads and the engineer) but that such a judgment would have been collectible. Evidence of net worth or offers of settlement flowing between the Jones and the railroads clearly is evidence tending to satisfy the requirements imposed upon the Jones in meeting their burden of proof in a legal malpractice case. *McDow v. Dixon,* 138 Ga. App. 338 (226 SE2d 145). Ms. Young lacked standing to object inasmuch as she was not a party plaintiff or defendant in these negotiations though she was an agent for the plaintiff. In addition, evidence of the negotiations was relevant insofar as it reflected her activities or lack thereof in representing her clients in the original litigation.

There are other reasons why this evidence was properly before the jury. When the evidence of settlements and net worth was offered, appellant offered only the barest of objections, i.e., to any discussion of money matters. Such an objection does not specifically state any grounds and constitutes such a general objection as not to amount to any objection sufficient to raise an issue before this court. *Griffin v. State,* 123 Ga. App. 820 (3) (182 SE2d 498).

3. Ms. Young contends in her next enumeration of error that the trial court erred in allowing a partial bifurcation of the issues but did not allow her the opportunity to introduce evidence as to liability of the railroads when the Jones completed that portion of the case and proceeded into evidence showing alleged malpractice.

These contentions are without merit. The trial court is vested with great discretion in the trial procedures utilized in the forum over which the judge presides. *Dyke v. State,* 232 Ga. 817, 825 (209 SE2d 166); *Hopkins v. Allen,* 123 Ga. App. 330 (180 SE2d 919). The trial court did not abuse its discretion in allowing the plaintiff to present its case uninterrupted and in its entirety even though in a bifurcated manner. The defendant, Ms.

Young, was not precluded from presenting in her defense contradicting evidence. Moreover, in her alleged objection to the bifurcation of the issues, Ms. Young's objection was more a statement than an objection and sought clarification as to how the trial would proceed. She did not enter a specific objection to the decision of the trial court. Appellate courts exist for the correction of trial errors, where proper objection is taken. Accordingly, as hereinbefore observed, an attempt to raise for the first time on appeal questions not properly raised in the trial forum presents nothing for review. *Bell v. State,* 144 Ga. App. 692 (242 SE2d 345).

4. Ms. Young contends that the trial court erred in denying her motion for a protective order. This enumeration involves the taking of three depositions. Ms. Young urged as the ground for the protective order that the depositions were being sought to annoy and harass her and work an undue burden and expense upon her. The motion for protective order was filed on September 2. The depositions were scheduled for September 5 and 6. A pre-trial conference was scheduled for September 8. Actually, Ms. Young was present at the pre-trial conference when the last deposition was taken. The trial court denied the motion for protective order. There is no transcript of the hearing.

Good cause for the issuance of a protective order designed to frustrate discovery must be clearly demonstrated. CPA § 26 (c) (Code Ann. § 81A-126 (c)). Such cause necessarily is not established by stereotyped or conclusional statements, bereft of facts. The trial court does have a wide discretion in the entering of orders permitting or preventing the use of interrogatories or taking of depositions for discovery which are oppressive, unreasonable, unduly burdensome or expensive, harassing, harsh, insulting, annoying, embarrassing, incriminating or directed to wholly irrelevant and immaterial or privileged matters, or as to matter concerning which full information is already at hand. *Travis Meat &c. Co. v. Ashworth,* 127 Ga. App. 284, 287, 288 (193 SE2d 166). In this case, a hearing was held and the trial court denied the motion. No transcript has been presented to this court of that hearing. In such

circumstances, where the trial court passed upon the merits of the motion at a hearing and denied the motion, we must assume in the absence of a transcript of that hearing, that the trial court properly exercised its discretion in refusing to issue the protective order. *Sheppard v. State,* 138 Ga. App. 597, 598 (226 SE2d 744); *U. S. Fidelity &c. Co. v. Ga. Farm Bureau &c. Co.,* 126 Ga. App. 831 (191 SE2d 893). Moreover, appellant has not shown in the record that she requested a continuance of any of the depositions or of the preliminary hearing. Under the facts we do not find that the trial court abused its discretion in denying the issuance of the protective order.

As previously held in Division 2 of this opinion the contents of the three depositions were relevant to the issues to be decided by the jury. The appellant herself utilized parts of the depositions. Under these circumstances, we find no error in the admission of the contents of the depositions. These enumerations are without merit.

5. Appellant next contends that it was error for the trial court to deny her motion to implead as third-party defendants the present counsel for the Jones because they allowed the time for appeal of the dismissal of the original cause of action by the Jones against the railroad and engineer to expire without perfecting an appeal. We note that the addition of a third-party defendant more than ten days after filing a complaint is a discretionary matter with the court. CPA § 14 (a) (Code Ann. § 81A-114 (a)); Merritt-Chapman & Scott Corp. v. Frazier, 289 F2d 849. We are provided with no transcript of the hearing at which the motion was denied; thus we are unable to assume any facts other than that the trial court correctly exercised its discretion. *Bank of Clearwater v. Kimbrel,* 240 Ga. 570, 572 (242 SE2d 16). Moreover, the rights of the appellant are not affected significantly by the denial, assuming she has a cause of action against the present firm representing the Jones, inasmuch as such a cause of action would not be extinguished by the denial to add. *Holland-America Line v. United Co-Operatives,* 124 Ga. App. 375, 376 (183 SE2d 620). This enumeration likewise is without merit.

6. The last two enumerations of error have been examined and found to be without merit. In one, appellant simply stated the grounds of the alleged error but supported that enumeration with neither persuasive argument nor citation of authority. Under the rules of this court, we consider that enumeration to be abandoned. *Edwards v. Johnson,* 122 Ga. App. 462 (177 SE2d 490). See *O'Neal v. Haverty Furniture Cos.,* 138 Ga. App. 346 (226 SE2d 141). In the last enumeration of error, Ms. Young contends that the verdict is against the weight and preponderance of the evidence. This argument is addressed to the wrong forum. This court is limited to a consideration of the sufficiency of the evidence as a matter of law, not the weight of the evidence. *Hallford v. Banks,* 236 Ga. 472 (224 SE2d 35); *Strong v. State,* 232 Ga. 294, 298 (206 SE2d 461). This enumeration presents nothing for review. Moreover, we have considered the evidence and find some evidence to support the verdict of the jury. That is all that is required to affirm the verdict and judgment. *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

Argued February 8, 1979 — Decided April 9, 1979 — Rehearing denied May 8, 1979 —

*Young & Associates, S. L. Tucker, Henrietta E. Turnquest,* for appellant.

*Vansant, Engram & Corriere, B. Sam Engram, Jr., Alfred N. Corriere,* for appellee.