### 58044. NORAIR ENGINEERING CORPORATION et al. v. ERICKSON'S, INC. et al.

MCMURRAY, Presiding Judge.

Saint Joseph's Hospital, Inc. negotiated a contract with a contractor to build a hospital in Chatham County, Georgia. On the default of the contractor its surety, Continental Casualty Company, assumed the obligation

to complete construction of the hospital. Acting on behalf of Saint Joseph's the surety negotiated a contract with Norair Engineering Corporation for the purpose of completing the hospital. The Aetna Casualty and Surety Company was the surety on the performance bond and the labor and material payment bond for Norair on this contract.

After being awarded the contract Norair Engineering Corporation entered into a sub-contract with Erickson's, Inc. for the plumbing and mechanical work which included installation of (1) bath tubs in patients' rooms; (2) induction units for the heating and air conditioning systems; and (3) vacuum and oxygen outlets. This contract was modified by numerous amendments and change orders.

The hospital began operating the facility in June, 1970, although some work remained unfinished. In September, 1970, it gave Norair notice of termination of the contract. In January, 1971, it filed an action against Norair, Aetna Casualty, and others, seeking damages for delay and poor performance, amounts necessary to complete the hospital, an accounting, and for equitable relief to restrain enforcement of certain liens.

Norair and Aetna answered the complaint and counterclaimed against Saint Joseph's and cross claimed against a number of sub-contractors, including Erickson's. Erickson's then filed its answer and cross claim against Norair for damages due under its sub-contract in the amount of $62,525.32. The original action ultimately involved some 22 separate parties and claims with reference to the construction of the hospital. For a general statement of facts in this multi-party and multi-claim litigation see *Frank B. Wilder & Associates v. St. Joseph's Hospital,* 132 Ga. App. 373 (208 SE2d 145), and *Norair Engineering Corp. v. Saint Joseph's Hospital,* 147 Ga. App. 595 (249 SE2d 642).

Because of numerous parties and the complexity of the issues the case was referred to an auditor. In order to avoid entangling the numerous litigants and the complex trial of the various issues between the principal litigants, the auditor heard the case by reducing it into a number of separate sub-cases. We are concerned here with the issues

involved between Norair Engineering Corporation and the sub-contractor Erickson's, Inc., relating to the plumbing and mechanical work performed by Erickson's, Inc. In summary, the claims against Erickson's consisted of complaints as to (1) installation of defective bath tubs; (2) improper installation of oxygen and vacuum outlets and (3) improper installation of the induction units. Saint Joseph's had sought damages against Norair as to Erickson's work. Norair had cross claimed against Erickson's as the result of the claims made by Saint Joseph's. As to this cross claim the auditor determined that the hospital had accepted the tubs after a thorough inspection and disallowed the claim against Erickson's; the oxygen and vacuum outlets, although loose, were installed in accordance with the contract plans and specifications; and as to the induction units the auditor also determined that the defect did not result from improper work by Erickson's. The auditor concluded that Erickson's was entitled to recover from Norair and Aetna the sum of $60,825, plus interest "at the legal rate from July 23, 1970, the date of Erickson's final pay request." Norair and Aetna filed exceptions to the auditor's report and thereafter Erickson's moved for dismissal of the exceptions and for entry of final judgment pursuant to Code Ann. § 81A-154 (b) (Ga. L. 1966, pp. 609, 658; 1976, pp. 1047, 1049). Whereupon, the trial court, pursuant to Code Ann. § 81A-154 (b), supra, entered its final order in favor of Erickson's, Inc. overruling the exceptions of law and fact to the auditor's report affirming the findings and conclusions of the auditor, specifically ratifying the recovery of damages against Norair and "interest at the legal rate from June 23, 1970 [July 23, 1970] . . . on the unliquidated claim of Erickson's, Inc." Judgment was rendered for Erickson's, Inc. against Norair Engineering Corporation and the Aetna Casualty and Surety Company, jointly and severally, in the sum of $97,827.87 (the sum of $60,825 together with interest at the legal rate of 7% from June 23, 1970, in the amount of $37,002.87) together with all post judgment interest and costs of the action. Norair and Aetna appeal. *Held:*

The sole enumeration of error is that the trial court erred in awarding Erickson's, Inc. interest on its

unliquidated claim against Norair and Aetna computed from the final pay request of Erickson's dated "June 23, 1970." It is noted that the auditor determined the date as "July 23, 1970." However, since there is no dispute as to the amount of interest it is assumed the trial court incorrectly stated in its judgment the date from which the interest was to be computed as "June 23, 1970." Indeed, the litigants here have stipulated that date to be "July 23, 1970."

The auditor found that the stipulated balance of money due Erickson's by Norair as to the subcontract was $60,825. The amount is not contested. Only the award of interest is contested. In *Norair Engineering Corp. v. Saint Joseph's Hospital,* 147 Ga. App. 595, supra, at pages 604-605, this court held Code § 20-1408, would govern, and damages for the breach of contract may be increased by the addition of legal interest from that time until the recovery. However, the stipulated balance of the contract of Erickson's, Inc. was found to be $60,825 due as of a date certain, and it became a liquidated claim at the time it was due. See Code § 57-110 which provides all liquidated demands, "where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay . . ." In either view, the trial court did not err in awarding interest. However, on return of the remittitur the trial court is instructed to correct its final judgment to speak the truth as to the date from which interest was computed.

*Judgment affirmed with direction. Banke and Underwood, JJ., concur.*

ARGUED JUNE 14, 1979 — DECIDED SEPTEMBER 7, 1979 — REHEARING DENIED NOVEMBER 26, 1979 —

*Ronald E. Ginsberg,* for appellants.
*Walter C. Hartridge, E. Ormonde Hunter,* for appellees.