A09A1744, A09A2050. R. LARRY PHILLIPS CONSTRUCTION COMPANY, INC. v. MUSCOGEE GLASS, INC. et al. (two cases).
(691 SE2d 372)

MILLER, Chief Judge.

In 2000, R. Larry Phillips Construction Company, Inc. ("Phillips") finished its construction of a new automobile dealership building in Columbus. Four years later, the owners and lessors of the building, Richard E. Stevens, KMAR Investments, LLP, and Rivertown Ford, Inc. (the "Stevens plaintiffs"), sued general contractor Phillips and The Zenner Group, Inc. ("Zenner")[1] for construction defects in the building, alleging that the building suffered from water intrusion and was not properly designed and constructed (the "2004 case"). By two motions in 2007, Phillips sought to add as third-party defendants entities which were involved in the project as subcontractors, suppliers and/or manufacturers (the "subcontractors").[2] In 2008, Phillips filed an independent lawsuit for contribution and indemnity against the foregoing subcontractors and two others, Lott

---

[1] Stevens contracted with Zenner to provide architectural services and to design the building.

[2] These were Muscogee Glass, Inc. ("Muscogee Glass"), American Buildings Company, Inc. ("ABC"), and Cox Masonry & Steel, Inc. ("Cox").

Sheet Metal Contractors, Inc. and River City Construction Company, Inc. (the "2008 case"). In March 2009, the trial court dismissed Phillips' 2008 case for failure to state a claim upon which relief can be granted and denied its motions to add subcontractors as third-party defendants in the 2004 case based on potential prejudice to the subcontractors due to the passage of time and finding that Phillips failed to offer sufficient justification for failing to name the subcontractors earlier. Inasmuch as the appeals from the judgment in each case arise out of the same facts below, we have consolidated them for disposition on appeal.

In Case No. A09A2050, upon this Court's grant of its application for interlocutory appeal in the 2004 case, Phillips appeals from the trial court's order denying its motion to add the subcontractors as third-party defendants. Phillips argues that the trial court abused its discretion by (i) entering its order ex parte in the 2008 case, (ii) entering its order although the motion was unopposed by the parties in the 2004 case and based, in part, upon objections by the subcontractors in the 2008 case, (iii) potentially causing his contribution rights to be barred by the statute of repose, resulting in a denial of due process, and (iv) finding that the subcontractors established prejudice and that it failed to offer sufficient justification to add the subcontractors as third-party defendants earlier.

In Case No. A09A1744, Phillips appeals from the trial court's order dismissing its 2008 case, contending that the trial court erred in (i) finding such action unripe for disposition for lack of judgment or settlement therein, (ii) construing OCGA § 9-11-14 as limiting its right to seek contribution prior to judgment or settlement, and (iii) violating the Due Process Clause of the Georgia Constitution and OCGA § 9-3-3 by leaving it without a remedy to exercise its substantive contribution rights.

Finding that the trial court did not abuse its discretion in denying Phillips' motion to add third-party defendants in the 2004 case (*Hovendick v. Presidential Financial Corp.*, 230 Ga. App. 502, 506 (7) (497 SE2d 269) (1998), but that the trial court's dismissal of Phillips' action for contribution and indemnity in the 2008 case was legal error (*Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000)), we affirm Case No. A09A2050 and reverse Case No. A09A1744.

The parties informally stayed the 2004 case for two years while Phillips worked to make repairs to the dealership. In September 2006, however, the Stevens plaintiffs produced the report of an expert who opined that the problems with the building could not be remedied by making simple repairs and three months later produced a document estimating the cost of proper remediation to be $5,756,252. In August 2007, Phillips filed its motions to add subcon-

tractors Muscogee Glass and Cox as third-party defendants. Phillips moved to add subcontractor ABC as a third-party defendant four months later. And in November 2008, while the foregoing motions were pending, Phillips filed the 2008 case against the subcontractors for contribution and indemnity, seeking to preserve its rights to contribution under OCGA § 9-3-51, the statute of repose for construction cases.[3] Following a hearing in the 2008 case in March 2009, the trial court issued its dismissal order therein, and a day later issued a separate order which denied Phillips' motions to add the subcontractors as third-party defendants in the 2004 case. These appeals followed.

### *Case No. A09A2050*

1. Phillips contends that the trial court abused its discretion in denying its motions to add the subcontractors as third-party defendants in the 2004 case because the trial court: (i) entered its order ex parte in the 2008 case, (ii) entertained objections from the subcontractors who, as nonparties in the 2004 case, lacked standing to oppose the motions which were otherwise unopposed, (iii) put Phillips at risk of losing its rights to contribution for possible barment under the statute of repose, and (iv) found that the subcontractors would suffer prejudice and that Phillips failed to adequately justify its failure to add them earlier. Finding that the trial court validly entered its order in the 2004 case and did not abuse its discretion in denying the motions (*Hovendick*, supra, 230 Ga. App. at 506 (7)), we disagree.

(a) Initially, we address Phillips' claim that no valid order on its motions to add the subcontractors was entered in the 2004 case because the trial court entered its order in the 2008 case ex parte. While Phillips correctly states that the order denying its motions to add bear the style of the 2008 case, rather than the 2004 case in which the motions to add were pending, the trial court's order denying Phillips' motion for reconsideration and granting Phillips a certificate of immediate review bears the style of both cases. Such order was duly filed and specifically states that the trial court denied Phillips' motions to add the subcontractors as third-party defendants in the 2004 case and sets out the style and number of that action.

---

[3] The statute of repose in construction cases provides that no action for damages shall be brought more than eight years after substantial completion of a construction project, unless "an injury to property or the person or such an injury causing wrongful death," occurs in the seventh or eighth year after substantial completion of such project. Where the exception is applicable, an action may be brought within two years of the injury but no later than ten years after substantial completion. OCGA § 9-3-51.

Nor has Phillips established that the trial court erred in entering its order ex parte. The basis for Phillips' contention is that on February 6, 2009, ABC filed a letter brief requesting that the trial court deny the motions to add the subcontractors but failed to serve the letter brief on the Stephens plaintiffs or Zenner. Phillips acknowledges, however, that its attorney was present at the hearing on the motions to add the subcontractors and fully participated in briefing the legal issues which the trial court considered. The record also shows that Phillips' letter brief was served on counsel for the Stevens plaintiffs and Zenner. Such letter brief made specific reference to all letter briefs previously submitted by the subcontractors, and fully described the issues pending before the court. This letter brief put the Stevens plaintiffs and Zenner on notice that the motions to add the subcontractors were pending before the court. Nothing of record shows any interest taken in the motions by the Stevens plaintiffs or Zenner. Thus, a valid order denying the motions to add in the 2004 case was entered and that order was not entered "ex parte." Consequently, no abuse of discretion is demonstrated on these grounds.

(b) Pretermitting Phillips' remaining claims of error,

OCGA § 9-11-14 provides that a third-party plaintiff need not obtain leave to file a third-party complaint if he does so within ten days after he serves the original answer. However, after the ten days have expired, he must obtain permission from the trial court in order to file a third-party complaint. OCGA § 9-11-14. The decision whether to grant or deny a motion for leave to implead a third-party defendant is one committed to the sound discretion of the trial court, and *the timeliness of the motion is a factor governing the exercise of such discretion. . . . (W)here the motion for interpleader is not promptly made and the movant offers no reasonable excuse for the delay, the motion may be properly denied.*

(Citations and punctuation omitted; emphasis supplied.) *Hovendick*, supra, 230 Ga. App. at 506 (7).

Here, Phillips waited nearly three years after filing its answer to request permission to file a third-party complaint. Although Phillips claims that it spent nearly two years of that time trying to fix the building, it does not explain why the attempted repairs took so long. Nor does Phillips explain why, after learning that a simple fix was not possible and that the Stevens plaintiffs alleged a loss in excess of $5 million, it waited eight additional months before filing its initial motion to add subcontractors. In light of Phillips' lengthy delay,

eight months of which is unexplained, the trial court did not abuse its discretion by denying the motions to add the subcontractors. See *Hovendick*, supra, 230 Ga. App. at 506 (7) (affirming the trial court's denial of a motion to file third-party complaint filed six months after answer); see also *Cherokee Nat. Life Ins. Co. v. Coastal Bank of Ga.*, 239 Ga. 800, 801-802 (1) (238 SE2d 866) (1977) (trial court did not abuse its discretion in denying impleader motion filed approximately nine months after answer); *Jenkins v. Chambers*, 127 Ga. App. 200, 202-203 (2) (193 SE2d 222) (1972) (no abuse of discretion where trial court denied motion to add third-party defendant which was filed more than eight months after answer).

Phillips having failed to demonstrate any abuse of discretion, the trial court's denial of Phillips' motions to add the subcontractors as third-party defendants in the 2004 case was not error.

### Case No. A09A1744

2. Phillips appeals from the dismissal of the 2008 case, arguing that the trial court erred in dismissing its action for contribution and indemnity because (i) neither judgment nor settlement of the underlying action is prerequisite to the right to bring a contribution action, (ii) the right to a contribution action is not limited by third-party practice under OCGA § 9-11-14, and (iii) dismissal of its contribution action in combination with the denial of its motions to add third-party defendant subcontractors in the 2004 case left it without a remedy to enforce its rights to contribution in violation of the Due Process clause of the Georgia Constitution and OCGA § 9-2-3.[4] We need address only the first of these claims of error and agree that the trial court's dismissal order must be reversed.

The subcontractors incorrectly argue that dismissal of the 2008 case was proper because Georgia law does not permit an independent action for contribution absent a judgment in the underlying case entered against the party seeking contribution or a settlement thereof. The foregoing requirement for judgment against the defendant meant that

> a settlement with a release, where no judgment was entered, resulted in no right of contribution. This circumstance prompted a 1972 amendment to the contribution statute[, currently codified in OCGA § 51-12-32,] which added one sentence. "Without the necessity of being charged by suit or judgment, the right of contribution from

---

[4] OCGA § 9-2-3 provides that "[f]or every right there shall be a remedy; every court having jurisdiction of the one may, if necessary, frame the other."

> another or others shall continue unabated and shall not be lost or prejudiced by compromise and settlement of a claim or claims for injury to person or property or for wrongful death, and release therefrom." [OCGA § 51-12-32.] Georgia Laws 1972, pp. 132, 133. The plain language of the amendment provides for the existence of a right of contribution without the necessity of a judgment in the underlying suit [against the party seeking contribution].

(Citation and footnote omitted.) *Marchman & Sons, Inc. v. Nelson*, 251 Ga. 475, 476-477 (306 SE2d 290) (1983). Plainly, therefore, the legislature intended that the right to contribution should exist independent of and before a judgment or settlement. "The cardinal rule in construing a legislative act, is to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose." (Citation and punctuation omitted.) *Carringer v. Rodgers*, 276 Ga. 359, 363 (578 SE2d 841) (2003). Moreover, such an interpretation is consistent with avoiding a potentially unfair application of the statute of repose in construction cases such as this. Nor is it contradicted by settled law which provides that a contribution plaintiff cannot actually collect until the underlying judgment has been paid. See *Davis v. Southern Exposition Mgmt. Co.*, 232 Ga. App. 773, 775 (2) (503 SE2d 649) (1998) ("Where no funds have yet been expended, a party's right to seek indemnification has not yet actualized.") (citation omitted). Accordingly, the trial court's order dismissing the 2008 case was erroneous and must be reversed.

*Judgment affirmed in Case No. A09A2050. Judgment reversed in Case No. A09A1744. Andrews, P. J., and Barnes, J., concur.*

DECIDED MARCH 4, 2010 — ▮▮▮▮▮▮▮▮▮

*Drew, Eckl & Farnham, Burke A. Noble, Bruce A. Taylor, Jr.*, for appellant.
*Powell & Erwin, William A. Erwin, McLain & Merritt, Robert B. Hill, Ernest L. Beaton, Mabry & McClelland, Richard H. Hill, Jr., Nicholas A. Hinson, Buchanan & Land, Jerry A. Buchanan, Trisha D. Hargrove, Carlock, Copeland & Stair, Gregory H. Wheeler, Brent A. Meyer, Mills, Paskert & Divers, Philip K. Lichtman, Downey & Cleveland, George L. Welborn*, for appellees.