66877. SHEFFIELD v. ZILIS et al.

POPE, Judge.
Appellant Gwendolyn Sheffield brought this action against James J. Zilis, M. D. and appellee Memorial Hospital of Bainbridge, a corpo-

ration, stemming from an incident in 1979. Appellant sought recovery against Dr. Zilis for medical malpractice and against appellee hospital under the theory of independent corporate negligence as defined and applied in *Joiner v. Mitchell County Hosp. Auth.*, 125 Ga. App. 1 (1) (186 SE2d 307, 51 ALR3d 976) (1971), affd. *Mitchell County Hosp. Auth. v. Joiner*, 229 Ga. 140 (189 SE2d 412) (1972). Appellant brings this appeal from the trial court's grant of summary judgment in favor of appellee hospital. The action against Dr. Zilis remains pending below.

1. The primary issue for resolution here is whether appellee hospital was negligent in permitting an allegedly negligent physician (Dr. Zilis) to practice his profession in the hospital. "[A] hospital is not liable in the absence of allegations that it was negligent in the selection of an unskilled physician. . . . The hospital must act *in good faith* and with *reasonable care* in the selection of a physician, and it has fulfilled its obligation, and cannot be held liable when it 'selects an authorized physician in good standing in his profession.' [Cit.]" *Joiner v. Mitchell County Hosp. Auth.*, 125 Ga. App. at 3, supra.

In his affidavit in support of the motion for summary judgment appellee's executive director averred that based upon his experience and education in the field of hospital administration, he was familiar with the generally accepted methods of approving physicians and surgeons for admission to hospital medical staffs. The most universally accepted standards and procedures in the United States are those propounded by the Joint Commission on Accreditation of Hospitals (JCAH); a copy of the pertinent portions of the current JCAH accreditation manual was attached to the executive director's affidavit. Appellee hospital has been affiliated with and approved by JCAH since 1977, and prior to that time used the same procedure as was used by JCAH in selecting medical staff physicians and surgeons. At the time Dr. Zilis applied for appointment to appellee's medical staff, appellee required and received satisfactory proof of Zilis' professional qualifications as a practicing physician with a specialty in obstetrics and gynecology. Appellee further required and received references from both the medical and personal life of Dr. Zilis; these references were contacted prior to Zilis' appointment to the medical staff. As a result of this and other information obtained by appellee, staff privileges were granted to Dr. Zilis in 1971. The record discloses that Dr. Zilis' staff privileges were temporarily suspended "for medical reasons" during 1976. He was reinstated with full privileges after an approximately one-month suspension but only after he had applied for termination of his suspension, had filed an updated application for appointment to the medical staff, had presented "two letters attesting to his physical and mental condition" and his ability to return to work, and a staff physician had agreed "to sponsor his activities, to

monitor him and to discuss any problems that might arise." The record also shows that Dr. Zilis applied annually for reappointment to the medical staff from 1976 through 1981 and that his reappointment was approved in each of those years. Also in support of its motion for summary judgment, appellee attached the affidavits of five physicians who have known Dr. Zilis between eight and twelve years and who each opined that Dr. Zilis was not an unskillful physician and surgeon.

On appeal appellant apparently concedes the applicability of the JCAH standards to the issue here. Further, there is no contention on appeal (nor any evidence of record) that appellee undertook to direct Dr. Zilis in the way or manner of treating appellant. Finally, there is no evidence of record refuting the evidence submitted by appellee in support of its motion for summary judgment. Under these circumstances, the trial court did not err in finding that appellee had conclusively shown that it had acted in good faith and with reasonable care in appointing Dr. Zilis to its medical staff and thus was entitled to judgment as a matter of law. See OCGA § 9-11-56 (e); *Goodman v. St. Joseph's Infirmary*, 144 Ga. App. 614 (241 SE2d 487) (1978).

2. One other area of contention requires our attention. In its order granting summary judgment the trial court specifically refused to consider an affidavit submitted by appellant in opposition to the motion for summary judgment "filed and served only twenty (20) minutes prior to the hearing on said motion. . . ." The court also declined to consider depositions which were not a matter of record at the time of the hearing or at the time of the rendition of the order. Appellant cites as error the trial court's refusal to consider this and other discovery material.

The record discloses no abuse of discretion on the part of the trial court in refusing to consider appellant's untimely affidavit. See *Hayes v. Murray*, 169 Ga. App. 78 (1) (311 SE2d 477) (1983). In any event, since the subject affidavit related only to the alleged negligence of Dr. Zilis, any error in its exclusion here was harmless.

The gravamen of appellant's remaining argument appears to be that the trial court expressly forbade the filing of the subject discovery material. The manner in which this argument is presented in appellant's brief casts aspersions upon the trial court's impartiality in this case and is perilously close to a violation of Court of Appeals Rule 10(a). Moreover, these allegations are wholly unsupported by the record on appeal. Rather, the allegations are allegedly supported by information contained in a large volume of documents submitted to this court as a supplement to appellant's brief; none of this material was filed in the trial court.

The burden of timely filing depositions and other discovery material with the trial court lies with the party which intends to rely upon

it. See OCGA § 9-11-29.1. "This court is a court for the correction of errors and its decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel. [Cits.]" *Jenkins v. Bd. of Zoning Appeals of Columbus*, 122 Ga. App. 412, 413 (177 SE2d 204) (1970). Therefore, the allegations of error which rely upon material not properly a part of the record on appeal have no merit.

The trial court did not err in granting appellee's motion for summary judgment for any reason assigned.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 13, 1984 —
REHEARING DENIED MARCH 2, 1984.

*Loren S. Granoff, Thomas R. Taggart*, for appellant.
*Ralph C. Smith, Jr., William U. Norwood III*, for appellees.