### 73871. LITTLEFIELD v. SMITH et al.
(356 SE2d 746)

BEASLEY, Judge.
Plaintiff claimed $131.44 from defendants for their failure to reimburse her "for the use of electricity and deposit." The Magistrate Court of Hall County dismissed the complaint on the basis that the matter had been previously litigated and adjudicated. On appeal to the state court the claim was dismissed for failure to prosecute and because the matter was res judicata. Plaintiff appeals that decision.

1. This is an appeal to the state court which under OCGA § 15-10-41 is treated the same as an appeal to the superior court under OCGA § 5-3-29, encompassing a de novo investigation. It would therefore fit within the bounds of OCGA § 5-6-35 (a) (1) except that section refers only to "[a]ppeals from decisions of the superior courts." Although logically this type of appeal should also be under the discre-

tionary route of OCGA § 5-6-35, the legislature has not amended that section to include state courts. Thus, a direct appeal is permissible.

2. Plaintiff contends that the trial clerk promised to inform her when the case would be tried; that her absence, and failure to prosecute, resulted not from her neglect but solely from the failure to give her the promised notice. However, no complaint is made as to the other basis of the ruling which was that the issue was res judicata — a matter settled by judgment.

Since an appellant has the burden of showing error by the record, *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16) (1981), and *Doster v. Central of Ga. R. Co.*, 177 Ga. App. 393, 400 (7) (339 SE2d 619) (1985), nothing appearing to the contrary, we presume the holding on this issue was correct. *King v. Skinner*, 101 Ga. App. 102, 103 (2) (112 SE2d 789) (1960); *Saliba v. Saliba*, 201 Ga. 681, 682 (1) (40 SE2d 732) (1946). A decision right for any reason will not be set aside. *Dorminy v. Dorminy*, 242 Ga. 326 (249 SE2d 49) (1978). Therefore, it makes no difference whether plaintiff should or should not have been given notice of the trial because she must lose on the merits of her complaint.

*Judgment affirmed. McMurray, P. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED APRIL 23, 1987.

Geneva Littlefield, *pro se.*
Dwight Smith, Kathy Smith, *pro se.*