77322, 77323. FEIFER et al. v. RELIANCE KITCHENS, USA, INC.; and vice versa.
(377 SE2d 28)

McMURRAY, Presiding Judge.

Reliance Kitchens, USA, Inc. ("plaintiff") brought an action against Mr. and Mrs. Bernard Feifer ("defendants") to recover damages stemming from defendants' alleged refusal to pay for materials and services provided by plaintiff at defendants' home. Plaintiff also sought attorney fees, alleging that defendants are "being stubbornly litigious" and that defendants "dealt with the Plaintiff in bad faith. . . ." Defendants denied the material allegations of the complaint and counterclaimed, alleging that plaintiff breached a home improvements contract entered into between the parties. Defendants sought breach of contract damages, exemplary damages, and attorney fees, alleging that plaintiff tortiously breached the construction contract by performing the contract in a deficient manner.

After a period of discovery, plaintiff amended its complaint and alleged that defendants fraudulently induced it to perform services and install materials at defendants' home by executing a home improvements contract which defendants never intended to honor. Over two and a half years later, defendants amended their counterclaim and alleged that "[r]epresentatives of the Plaintiff have made numerous successive hang-up calls to the Defendants' home between the hours of 12:00 o'clock midnight and 5:00 o'clock, a.m." Defendants sought "punitive and exemplary" damages for this "private nuisance."

The case was tried before a jury and the evidence authorized a finding that defendants failed to pay plaintiff for materials and services provided by plaintiff at defendants' home. The trial court did not allow plaintiff to present evidence on its fraud claim and precluded defendants from presenting evidence on their amended counterclaim for the "hang-up" telephone calls. Neither plaintiff nor defendants presented evidence as to attorney fees; however, the parties stipulated after the close of evidence that attorney fees were "approximately $29,000 for each side." The jury returned a verdict in favor of plaintiff in the amount of $9,949.80 on its breach of contract claim and against defendants on their counterclaim. Plaintiff was also awarded $29,000 in attorney fees. Defendants filed an appeal after the denial of their motion for new trial in Court of Appeals Case No.

77322. Plaintiff cross-appealed in Court of Appeals Case No. 77323. *Held*:

## Case No. 77322

1. Plaintiff's motion to dismiss defendants' appeal is denied.

2. In their first enumeration of error, defendants contend that "[a] stipulation regarding the amount of attorneys' fees was not properly admitted into evidence. . . ." This argument is without merit. It was unnecessary for the stipulation to be entered into evidence at trial.

"A stipulation is 'any agreement made by attorneys respecting business before the court.' 24 EGL 305, Pleading & Practice, § 136 (1974). It is binding on the parties and may not be disproved. *Goolsby v. Allstate Ins. Co.*, 130 Ga. App. 881 (1) (204 SE2d 789) (1974). '(P)arties to stipulations and agreements entered into in the course of judicial proceedings will not be permitted to take positions inconsistent therewith in the absence of fraud, duress or mistake.' *Thompson v. Thompson*, 237 Ga. 509 (228 SE2d 886) (1976)." *McDaniel v. Oliver*, 172 Ga. App. 109, 110 (322 SE2d 1).

In the case sub judice, the record clearly shows that defendants' attorney and plaintiff's attorney stipulated that attorney fees were "approximately $29,000 for each side." This "stipulation of fact which had not been withdrawn constituted a solemn admission in judicio and is conclusive so as to preclude either party from introducing evidence to disprove or contradict. Code § 38-114 [now OCGA § 24-4-24]; *U. S. Fidel. &c. Co. v. Clarke*, 187 Ga. 774 (3) (2 SE2d 608)." *Holland-American Line v. United Co-operatives*, 124 Ga. App. 375 (1) (183 SE2d 620).

3. Next, defendants argue that the trial court erred in failing to instruct the jury as to their counterclaim for tortious breach of contract.

During the charge conference, the trial court ruled out defendants' "tort claim for [plaintiff's alleged] failure of a duty to properly design and install [the] work." "However, there were no requests for such a charge, and there were no objections to the trial judge's failure to so charge. Under these circumstances, we find no reversible error. See Code Ann. § 70-207 [now OCGA § 5-5-24]; *Pearlman v. Pearlman*, 238 Ga. 259 (2) (232 SE2d 542) (1977) and cits." *Herring v. McLemore*, 248 Ga. 808, 809 (3) (286 SE2d 425).

4. Lastly, defendants contend the trial court erred in sustaining plaintiff's objection to testimony relevant to their amended counterclaim regarding the "hang-up" telephone calls.

Defendants' amended counterclaim was for an alleged tort committed after defendants' original counterclaim was served upon plain-

tiff. "A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading." OCGA § 9-11-13 (e). "Permission of the court is a necessary prerequisite to the supplemental pleading of a counterclaim under Code Ann. § 81A-113 (e) [now OCGA § 9-11-13 (e)] and the decision to grant or deny the motion is totally within the trial court's discretion." *Jenkins v. Martin*, 142 Ga. App. 573, 575 (236 SE2d 542). In the case sub judice, defendants failed to obtain leave to file their "after-acquired" counterclaim. Consequently, the claim was not properly before the trial court and any ruling excluding evidence relating thereto was harmless. See 6 Wright & Miller, Fed. Practice & Procedure, § 1428.

5. Plaintiff's motion for frivolous appeal pursuant to OCGA § 5-6-6 is denied. See *Harrell v. Thompson*, 182 Ga. App. 470, 473 (6) (356 SE2d 69).

## Case No. 77323

6. Plaintiff contends the trial court erred in refusing to allow it to present evidence relevant to its fraud claim.

"The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issues so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand, the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accordance with the judgment on the special verdict." OCGA § 9-11-49 (a).

In the case sub judice, the trial court submitted a special verdict form to the jury requiring specific written findings upon various issues of fact. The special verdict form did not include a determination as to plaintiff's fraud claim and plaintiff raised no objection to the special verdict form. Consequently, any issue relating to plaintiff's fraud claim was deemed waived. See *Frostgate Warehouses v. Cole*, 244 Ga. 782 (262 SE2d 98). It therefore follows that any error relating to the omission of evidence relevant to plaintiff's fraud claim was

harmless.

7. Other issues raised in plaintiff's cross-appeal are rendered moot by our holding in Division 6 of this opinion.

*Judgments affirmed. Pope and Benham, JJ., concur.*

DECIDED DECEMBER 2, 1988 —
REHEARING DENIED DECEMBER 16, 1988.

*Mark J. Kadish, James J. McGinnis*, for appellants.
*Clifford J. Steele*, for appellee.

