### A89A1757. WHISENANT v. FULTON FEDERAL SAVINGS & LOAN ASSOCIATION.
#### (390 SE2d 100)

McMurray, Presiding Judge.

This is an unusual case in which the superior court awarded summary judgment to defendant/appellee without considering three depositions which were filed mistakenly in the record of another case. We remand for consideration of the three depositions by the superior court.

Plaintiff/appellant brought this breach of contract action against defendant/appellee in the Superior Court of Fulton County. The action was styled Stephen H. Whisenant v. Fulton Federal Savings & Loan Association of Atlanta d/b/a Fulton Federal Savings & Loan Association and was assigned Civil Action File No. D-47088.

Defendant/appellee answered the complaint and, following discovery, moved for summary judgment. The motion was granted and plaintiff/appellant filed a notice of appeal. With regard to the composition of the record on appeal, the notice of appeal provided that nothing was to be omitted.

After the record was prepared and transmitted, it came to the attention of plaintiff/appellant that the depositions of Charles Thomas Cantrell, Paul Henry and Shepherd R. Marsh were omitted from the record. Accordingly, on July 6, 1989, plaintiff/appellant moved to supplement the record with those depositions. In support of its motion, plaintiff/appellant submitted the affidavit of Donna J. Jennewine who was formerly associated with the law firm of Davis, Matthews & Quigley, P. C., plaintiff/appellant's counsel. Ms. Jennewine testified that she was employed by Davis, Matthews & Quigley on April 15, 1988, and that as part of her responsibilities she worked on this case; that, on April 15, 1988, she sent the original depositions of Messrs. Cantrell, Henry and Marsh to the Clerk of the Superior Court of Fulton County via courier; that she sent a cover letter to the court requesting that the depositions be filed and, per her normal practice, she enclosed a copy of her cover letter to be marked "filed" and returned.

A copy of the cover letter was attached to Ms. Jennewine's affidavit as an exhibit. It correctly referenced this case by name and civil action file number and requested the clerk to file the depositions of Messrs. Cantrell, Henry and Marsh in this case. The cover letter was

stamped "FILED IN OFFICE APR 15, 1988 DEPUTY CLERK, SUPERIOR COURT FULTON COUNTY, GA" and returned to Ms. Jennewine.

After hearing argument, the superior court issued an order dated August 11, 1989, filed August 14, 1989, denying plaintiff/appellant's motion to supplement the record. In this regard, the superior court ruled: "The Court finds that the three depositions at issue, those being the deposition of Shepherd R. Marsh, the deposition of Charles Thomas Cantrell, and the deposition of Paul Henry, were presented to the Clerk of the Superior Court of Fulton County with the case number D-48088, which is not the proper case number of this case. The Clerk of the Superior Court filed those three depositions in case number D-48088 and not in case number D-47088. Therefore, the Court finds that these three depositions were not properly a part of the record in this case during this Court's consideration of the Defendant's Motion for Summary Judgment. The Court has found the three depositions in case number D-48088. The depositions remain sealed and the Court specifically states that they were not considered by this Court during its consideration of the Defendant's Motion for Summary Judgment." *Held*:

The burden of filing depositions and other discovery material rests upon the party which intends to rely upon it. *Sheffield v. Zilis*, 170 Ga. App. 62, 64 (2) (316 SE2d 493). See also OCGA § 9-11-29.1 (a). Did plaintiff/appellant carry his burden of filing the three depositions in the case sub judice? We think he did.

Pleadings and other papers filed with the clerk of the court are to be deemed filed. OCGA § 9-11-5 (e). In the case sub judice, plaintiff/appellant filed the depositions with the clerk of the court via cover letter properly identifying the case by style and case number. The mere fact that the depositions themselves did not bear the correct case number does not negate the fact that the depositions were filed. Inasmuch as the clerk of the court received the depositions for filing, they will be deemed to have been filed.

Once the depositions were filed with the clerk of the court, it was the responsibility of the clerk of the court to be sure the depositions were placed with the appropriate record. If the clerk had any difficulty identifying the appropriate record, counsel for plaintiff/appellant should have been so notified. Instead, because a copy of the cover letter which accompanied the depositions (and which bore the appropriate case number) was marked "filed" and returned to counsel for plaintiff/appellant, plaintiff/appellant was, in effect, notified that the depositions were filed properly.

Defendant/appellee contends plaintiff/appellant did not carry his burden of filing the three depositions because he negligently submitted the depositions for filing. In this regard, defendant/appellee ar-

gues that counsel for plaintiff/appellant should have observed that the depositions themselves bore the wrong case number. We cannot accept this contention. Counsel cannot be expected to catch a mistaken case number (which is off by only one digit) when the caption of the case is otherwise correct. Rather, the onus must fall on the clerk of the court to match the case number to the style of the case before placing pleadings or papers in a particular record.

Because the depositions were placed in the wrong record by the clerk of the court, the superior court did not consider the three depositions in ruling upon defendant/appellee's motion for summary judgment. It follows that this case must be remanded with direction that the superior court consider the entire record in this case, including the depositions of Shepherd R. Marsh, Charles Thomas Cantrell and Paul Henry, before determining whether defendant/appellee is entitled to summary judgment. See *Maddox v. Brown*, 188 Ga. App. 728 (374 SE2d 222).

*Judgment vacated and case remanded with direction. Carley, C. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED JANUARY 9, 1990.

*Davis, Matthews & Quigley, Ron L. Quigley, Robert E. Casey, Jr.,* for appellant.

*Swift, Currie, McGhee & Hiers, A. L. Mullins, Jr., Jane C. Barwick, John P. MacNaughton, Jeffrey Y. Lewis,* for appellee.