A90A0404. RIVERBEND FORD-MERCURY, INC. v. KIRKSEY.
(395 SE2d 898)

Beasley, Judge.

Defendant Riverbend appeals the grant of plaintiff Kirksey's motion for summary judgment.

Kirksey, the sole shareholder of Kirksey Ford Sales, Inc., agreed on June 1, 1984, to sell the stock to several individuals also named as defendants in his suit. They, in turn, formed Riverbend to operate

the business. From the time of the agreement to sell until the closing on September 7, defendants fully participated in the operation of Kirksey Ford. Prior to the purchase agreement, Kirksey Ford owed Kirksey money which he had loaned to the corporation. At the closing, Riverbend paid the loans as a part of the consideration, by giving $25,000 in cash and a promissory note for $71,914 to Kirksey. The note was to be paid by three yearly payments. Riverbend made two but refused to make the third. Kirksey sought the recovery of this amount, plus interest and attorney fees, in count one of his complaint.

In the second count of his complaint Kirksey sought to recover the sums paid to the bank which Riverbend refused to honor. During the pre-sale operation of Kirksey Ford, security agreements and other indebtedness of its customers were sold to a local bank with an obligation upon Kirksey Ford to repurchase upon default by the debtor. Kirksey individually had guaranteed the obligations to repurchase. In 1986 Riverbend refused to honor the repurchase agreement as to three conditional sales contracts previously sold to the bank. After demand, Kirksey paid this indebtedness under the terms of his guarantee.

Riverbend and the individual defendants denied the material allegations of the complaint and filed a counterclaim. Count one was predicated on fraud on the part of Kirksey involving the sale of Kirksey Ford to defendants. Counts two and three alleged fraudulent misconduct between Kirksey and Kirksey Ford as to the loans between them. Damages were sought for overpayment included in the promissory note for $71,914 given by Riverbend to Kirksey. Rescission of the note was also sought.

In 1984 Sims, a long-time associate and employee of Kirksey, determined to purchase Kirksey Ford. He employed the services of his friend, Hollis, a CPA, to prepare financial records and projections. Kirksey agreed to allow Sims and Hollis full access to the business records of Kirksey Ford. In doing this pro forma Hollis acted on behalf of Sims, who in this regard was a prospective buyer and not an employee.

Sims was unable to obtain financing or the approval of Ford Motor Company. He sought backing from the individual defendants. They became principals instead and, based upon the data prepared for Sims by Hollis, chose to purchase Kirksey Ford. Defendants took over operation of the business with Sims and Hollis as their employees right after the June 1 sales agreement. Riverbend was incorporated and the closing occurred after Ford Motor Company approved.

After discovery, which produced depositions, affidavits and various exhibits, a pretrial order was entered. In it, the contentions of defendants were stated: 1) as to plaintiff's claim, that the note sued

upon was fraudulently induced, the loan from Kirksey to Kirksey Ford was not as described to defendants and was not a legitimate debt of the corporation; 2) as to their counterclaim, that the records relied upon by defendants in negotiating the sale of the stock were false and misleading; that plaintiff knew defendants, to their detriment, were relying on false figures showing unrealistic income projections and inaccurate debt; that Hollis, who prepared the projections, was acting with plaintiff's authority; that plaintiff thus defrauded defendants.

Subsequently defendants sought, by amendment, to add a fourth count to their counterclaim, asserting that plaintiff defrauded defendants: 1) by selling assets of the corporation and withholding proceeds of the sale from defendants; 2) when, with prior knowledge that he would not abide with the terms of the agreement, plaintiff violated the non-competition clause of the sales contract. Plaintiff objected to allowance of the amendment. No ruling permitting the amendment was entered.

Kirksey moved for summary judgment on his complaint and the counterclaim. The trial court entered judgment for him. Riverbend contends that there were genuine issues of material fact regarding whether Kirksey's actions were fraudulent, whether he breached his obligation to deal in good faith and whether defendants waived any inceptive fraud by failing to act immediately and restoring the opposite party to his former position prior to the transaction. No direct attack is made on the propriety of granting the motion as to Kirksey's complaint, so the judgment in favor of Kirksey on it stands.

1. In our consideration of this appeal we were faced with an incomplete record. Plaintiff's deposition was sealed and was not sent up. The depositions of Sims and Hollis were not filed. After inquiry by this court the trial court clerk certified that two depositions were subsequently filed. Upon our direction, the three depositions, containing information vital to our determination of the issues, were included in the record before us.

Traditionally, under the law of Georgia the burden is upon the party asserting error on appeal to show error by the record. *Brooks v. Home Credit Co.*, 128 Ga. App. 176 (196 SE2d 176) (1973). While this eminently fair and orderly procedure had a hiatus as a result of *Interstate Fin. Corp. v. Appel*, 233 Ga. 649 (212 SE2d 821) (1975), *Brown v. Frachiseur*, 247 Ga. 463, 465 (277 SE2d 16) (1981), overruled *Appel* and our courts have returned to the well traveled path.

*Frachiseur*, supra at 464, observes: "In order for the appellate court to determine whether the grant of summary judgment was erroneous, the appellant must include in the record those items which will enable the appellate court to ascertain whether a genuine issue of material fact remains." Deficiencies in this regard cannot be supplied by

brief. *Sheriff v. State*, 184 Ga. App. 180 (361 SE2d 53) (1987). Where matter essential to making a decision is omitted, appellant has failed to meet his burden of showing error. In such circumstances we may assume the judgment is correct and affirm it. *Frachiseur*, supra. Accord *Taylor v. Colwell Mtg. Corp.*, 187 Ga. App. 397, 398 (370 SE2d 520) (1988). Nevertheless, we have followed *Miller Grading v. Ga. Fed &c. Assn.*, 247 Ga. 730, 734 (279 SE2d 442) (1981), in this regard and rule based upon the entire record. However, it causes delay, confusion, and extra burdens on the courts both administratively and legally when the appellant does not assure a complete record.

2. The defendants as appellants still have the burden of showing error. *Littlefield v. Smith*, 182 Ga. App. 712, 713 (2) (356 SE2d 746) (1987). They are also obligated under our rules to specify those portions of the record which support their arguments or assertions. Court of Appeals Rule 15 (c) (3) (ii).

On summary judgment the party opposing the motion has no burden until the moving party establishes that there is no genuine issue of material fact. However, once the moving party does so, then the party opposing the motion may no longer rest upon the allegations of the pleadings but must come forward with rebuttal evidence or suffer judgment against him. *Meade v. Heimanson*, 239 Ga. 177, 180 (236 SE2d 357) (1977).

The issues involve fraud, which consists of five essential elements: 1) false representations made by defendant; 2) scienter; 3) an intention to induce plaintiff to act or refrain from acting in reliance upon the representations; 4) justifiable reliance by plaintiff; 5) damages to plaintiff. *City Dodge v. Gardner*, 232 Ga. 766 (208 SE2d 794) (1974). Kirksey demonstrated that he made no false representations to the defendants and that there was no justifiable reliance by them. Defendants received no false information from Kirksey and the documents upon which they relied were prepared by Hollis acting for Sims. In the circumstances, although Sims was an employee of Kirksey he was acting at arm's length in attempting to work out a deal to purchase Kirksey Ford. Defendants took over the operations of Kirksey Ford after June 1 and were in charge until the closing over three months later. They were aware of or should have known of the financial discrepancies and outstanding debts which they allege were fraudulently misrepresented to them.

The references by defendants to the record fail to reveal any evidence of fraud sufficient to overcome the prima facie showing made by plaintiff. Summary judgment in favor of Kirksey as to the original three counts of counterclaim was warranted.

3. As to the allegations of the counterclaim's fourth count the amendment was never allowed by the trial court. See OCGA § 9-11-15 (a). Even if that count were considered on its merits, the record shows

that defendants knew of Kirksey's actions in that regard. One of the defendants, a lawyer, prepared the documents used to transfer assets which are the subject of this count. It was also based upon fraud which has been thoroughly eliminated by proof offered by Kirksey. The grant of summary judgment as to that count would furnish no basis for reversal.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 11, 1990.

*William U. Norwood III*, for appellant.
*Kirbo & Conger, Ben Kirbo*, for appellee.