A92A1242. DOMINIAK v. CAMDEN TELEPHONE &
TELEGRAPH COMPANY.
(422 SE2d 887)

BEASLEY, Judge.

Dominiak, an ordnance equipment mechanic employed by the Naval Submarine Base in Kings Bay sued the Camden Telephone & Telegraph Company. The suit seeks damages due to injuries resulting from an electrical shock he received when lightning struck near a defense weapons facility building in which he was using a telephone. Dominiak alleges that Camden was negligent in failing to install or maintain lightning protection equipment ("arrester") on the telephone line.

Camden denied any involvement in the installation or maintenance of the line and filed third-party complaints, alleging that the line was installed by a base contractor.

Dominiak appeals from the grant of summary judgment to Camden.

In affidavits, Camden employees stated: This telephone line was a drop line; Camden did not install any telephone or telephone lines into the building or run the drop line; after the telephone was installed, Camden reassigned it from a contractor on the base to a defense weapons facility building upon request, but this was accomplished through its main switchboard and did not require on-site installation; prior to Dominiak's incurring his injuries, two Camden employees responded to two separate service calls to repair a cut in the drop line, but the cut was beyond the termination point of the Camden system and at least 100 yards from the building in which the telephone was housed; lightning protection devices would normally be installed on the outside of a building or on the inside in a closet or utility room; there was nothing about the tasks Camden was requested to perform that would or did put Camden employees on notice that there were no lightning protection devices; Camden had no knowledge or notice that there was no lightning protector; if a Camden employee entered the building, it was to make sure the phone was working or to place a telephone call in order to get the employee's next assignment.

Camden's motion for summary judgment relied upon these affidavits and referred also to Dominiak's deposition. Plaintiff's lead attorney, who is a Florida resident, stated that he did not respond to Camden's motion for summary judgment because he was unaware of USCR 6.3 (providing that unless otherwise ordered by the court, motions for summary judgment shall be decided by the court without oral hearing, with oral argument on any motion for summary judgment permitted upon written request not later than five days after the time for response), that he thought there would be a hearing on defendant's motion pursuant to OCGA § 9-11-56 (c) (providing that the motion shall be served at least 30 days before the time fixed for the hearing), and that he could respond to it and file evidence prior to the hearing. Unknown to either party, Dominiak's deposition had not been filed with the court. The depositions of Camden employees were not taken until after Camden moved for summary judgment, so they did not figure in its consideration, although they were taken over a month before the court ruled.

The trial court's order stated: "Subsequent to a review of the file, it appears that there has been no answer [to the motion for summary judgment] filed. Therefore, [defendant's] motion for summary judgment is hereby granted."

The depositions of Dominiak and the Camden employees were subsequently filed and Dominiak moved for reconsideration on the grounds that plaintiff's attorneys were unaware of the requirement that a response be filed to a motion for summary judgment, and that they believed a hearing would be held, with an opportunity to file evidence and citations of authority beforehand. The motion was denied.

1. Dominiak contends that the trial court abused its discretion in summarily denying the motion for reconsideration, in that Dominiak demonstrated excusable neglect as a matter of law.

Plaintiff was represented by two Florida lawyers. Lead counsel was not licensed to practice law in Georgia, although the other attorney was. There was no association of a resident Georgia lawyer, as required by USCR 4.4 (A) (3). Camden's motion for summary judgment explicitly stated that it was being filed pursuant to USCR 6.5. A review of the annotations to OCGA § 9-11-56 (c) reveals the existence of USCR 6.3, which is not inconsistent with OCGA § 9-11-56 (c). *Dallas Blue Haven Pools v. Taslimi*, 180 Ga. App. 734, 735 (1) (350 SE2d 265) (1986), aff'd 256 Ga. 739 (354 SE2d 160) (1987).

*C & S Nat. Bank v. Burden*, 145 Ga. App. 402, 403 (1) (244 SE2d 244) (1978), cited by Dominiak, holds that the trial court has discretion to grant a motion to vacate a judgment during the term of court at which the judgment is rendered. In this case, the refusal to find that the circumstances showed excusable neglect did not constitute an abuse of discretion. The explicit procedure not having been followed, the court was not compelled to reconsider the motion for summary judgment in light of the additional evidence.

2. Dominiak contends that the trial court erred in granting Camden's motion for summary judgment, based on his failure to file a response rather than upon a review of the record to determine whether material issues of fact existed.

From the wording of the trial court's order, it does appear that it entered an unauthorized "default summary judgment." " 'There is no such thing as a "default summary judgment." By failing to respond to a motion for summary judgment, a party merely waives his right to present evidence in opposition to the motion. It does not automatically follow that the motion should be granted. "A motion for summary judgment should not be granted unless it affirmatively appears from the pleadings and the evidence that the party so moving is entitled to prevail." (Cits.)' [Cit.]" *Wilson v. Valentine*, 199 Ga. App. 244 (1), 245 (404 SE2d 600) (1991).

Nonetheless, even if the motion for summary judgment was granted for an erroneous reason, it will be affirmed if it should have been granted for another reason. See *Lewis v. Atlanta Cas. Co.*, 179 Ga. App. 185, 189 (2) (345 SE2d 858) (1986).

3. Dominiak contends that his deposition testimony created an issue of fact as to whether Camden had actual notice of the absence of lightning protection equipment on the telephone line, but "[t]he burden of timely filing depositions and other discovery material with the trial court lies with the party which intends to rely upon it. See OCGA § 9-11-29.1." *Sheffield v. Zilis*, 170 Ga. App. 62, 64-65 (2) (316 SE2d 493) (1984); *Whisenant v. Fulton Fed. &c. Assn.*, 194 Ga. App. 192 (390 SE2d 100) (1990). Since Dominiak's deposition was not on file at the time Camden's motion for summary judgment was ruled on, neither parties' references to it are considered. See *Myers v. Barnard*, 180 Ga. App. 192 (348 SE2d 733) (1986); compare *Whisenant*, supra.

Dominiak further contends that the trial court erred in relying on the affidavits of the Camden employees since two of these employees testified in their depositions that their affidavits were not notarized or sworn to before they sent them to defendant's counsel. They appeared regular on their face.

In *Bell v. Sellers*, 248 Ga. 424, 426 (1) (283 SE2d 877) (1981), the Supreme Court "adopt[ed] the rule that objections to expert opinion affidavits will not be entertained for the first time on appeal where such affidavits were considered by the trial judge, without objection, in ruling on the motion for summary judgment."

Dominiak not having objected to the trial court's consideration of these affidavits in connection with the motion for summary judgment, and reconsideration not having been required by law, the affidavits were not defective for purposes of that ruling on the motion for summary judgment.

The affidavits of the Camden employees established without contradiction that Camden did not own or install the telephone used by Dominiak or the drop line leading to it. Compare *Habersham EMC v. Dalton*, 170 Ga. App. 483, 485 (317 SE2d 312) (1984); *Vickers v. Ga. Power Co.*, 79 Ga. App. 456, 459 (54 SE2d 152) (1949). Nor did it participate in the installation of the drop line. Compare *Chastain v. Atlanta Gas Light Co.*, 122 Ga. App. 90 (176 SE2d 487) (1970). Its response to a request to repair a cut in a drop line which it had not installed and did not own would not, without more, create a duty on its part to make additional repairs. See *Barry v. Stevens Equip. Co.*, 176 Ga. App. 27 (335 SE2d 129) (1985). Unlike *Mixon v. Dobbs Houses*, 149 Ga. App. 481 (254 SE2d 864) (1979), there is no evidence of any reliance on Camden to do more. Camden is not chargeable with ordinary negligence by reason of the fact that it reassigned the telephone through its main switchboard without an on-site inspection, and there is no basis in the record upon which it could be found that this constituted negligence.

Based on the pleadings, answers to interrogatories, and affidavits

then on file, there was no genuine issue as to any material fact and Camden was entitled to judgment as a matter of law. OCGA § 9-11-56 (c).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 29, 1992 — 

*Parker, Johnson, Cook & Dunlevie, G. William Long III, Everett W. Gee III,* for appellant.

*Whelchel, Brown, Readdick & Bumgartner, John E. Bumgartner, Karsman, Brooks & Callaway, Stanley Karsman, Fendig, McLemore, Taylor & Whitworth, Albert Fendig, Jr.,* for appellee.