A95A2351. KELLY et al. v. PIERCE ROOFING COMPANY, INC.
(469 SE2d 469)

ANDREWS, Judge.

The Kellys appeal the trial court's order granting Pierce Roofing's motion for judgment on the pleadings and denying their motion to file a counterclaim. The pertinent facts are as follows.

The Kellys initially contracted with Associated Interiors to have improvements made on their house. Associated Interiors then contracted with Pierce Roofing to supply labor and materials for the roof, gutter, and copings of the house. Pierce finished its work on the roof on January 18, 1991. That same month, Associated Interiors abandoned its contract with the Kellys without completing the work. Associated Interiors did not pay Pierce Roofing for the labor or the materials supplied by Pierce.

Accordingly, on April 11, 1991, Pierce Roofing filed a claim of lien against the Kellys' property. On June 7, 1991, Pierce filed a complaint against Associated Interiors and on October 30, 1991, the trial court entered a default judgment for Pierce Roofing against Associated Interiors for $6,713 plus $906.26 interest. Associated Interiors did not pay anything on this judgment and Pierce Roofing then filed a complaint on lien against the Kellys' property, requesting the amount of their judgment against Associated Interiors. The Kellys answered, denying liability. On September 21, 1994, Pierce Roofing filed a motion for judgment on the pleadings. The Kellys filed no response to the motion, but, on October 28, 1994, the day set for the hearing on the motion, they filed a motion requesting permission to file a counterclaim in which they alleged the roof was defective. The court denied the motion to file a counterclaim and granted Pierce Roofing's motion for judgment on the pleadings. The trial court awarded Pierce Roofing $6,713 plus interest of $906.26. This appeal followed.

Since this action arose as a complaint on a lien against the Kellys' property, we conclude the matter is correctly before us by direct appeal under OCGA § 5-6-34 (a) (1). While the amount of the trial court's award is less than $10,000, an action on a lien is not an action for damages necessitating a discretionary appeal under OCGA § 5-6-35 (a) (6). But, Pierce Roofing contends that when the Kellys executed a bond to discharge lien, thus becoming principal and sureties under the bond, the remedy was no longer against the property, but rather, an in personam remedy against the Kellys as principal and sureties under the bond. Therefore, they claim this is no longer an action in rem, but an action for damages under OCGA § 5-6-35.

We do not find this argument persuasive. The order appealed from gave Pierce Roofing "judgment and special lien" against the Kellys' property as collateral to secure the bond. The Kellys' choice to post a bond to satisfy any judgment on the lien does not change the nature of the underlying action and should not result in their inability to appeal based on a technicality. See *Blackwell v. Cantrell*, 169 Ga. App. 795, 796 (315 SE2d 29) (1984). Accordingly, Pierce Roofing's motion to dismiss is denied.

1. First, the Kellys claim that since the court clearly considered evidence outside the pleadings, the motion for judgment on the pleadings was converted into a motion for summary judgment which requires that parties be given 30 days notice in order to respond. See OCGA § 9-11-56. The record shows that on September 23, 1994, Pierce Roofing's counsel mailed a copy of the motion and notice of the hearing on October 28, 1994, to both Mrs. Kelly and the Kellys' counsel. Beyond the mere allegation that they did not receive proper notice, the Kellys offer no other argument or support for this claim. Further, there is no transcript of the October 28 hearing from which we could determine whether this issue was ever raised in the trial court. It is well-settled that this court will not review errors raised for the first time on appeal. *City of College Park v. Pichon*, 217 Ga. App. 53, 55 (456 SE2d 686) (1995). Further, "the burden is on the party alleging error to show it affirmatively by the record." *Campbell v. Powell*, 206 Ga. 768, 770 (58 SE2d 829) (1950). Accordingly, as there is nothing before us to review, we are unable to address this enumeration of error.

2. Next, the Kellys contend the trial court erred in granting Pierce Roofing's motion for judgment on the pleadings because Pierce Roofing did not affirmatively show that it had substantially complied with its contract with Associated Interiors, a prerequisite to recovering on its lien. OCGA § 44-14-361.1 (a) (1); *Spicewood, Inc. v. Ferro Pipeline Co.*, 181 Ga. App. 277 (351 SE2d 711) (1986). As both parties seem to be in agreement that Pierce Roofing's motion for judgment on the pleadings was converted to a motion for summary judgment under OCGA § 9-11-12 (c), see appellants' brief, p. 8 ("clearly the trial court considered matters beyond the scope of the pleadings"), the standard of review is that set out in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). This provides that in order "[t]o prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. . . ." *Lau's Corp. v. Haskins*, supra. "The movant has the original burden of making this showing. Once the movant has made a prima facie showing that it is entitled to judgment as a matter of law, the burden

shifts to the respondent to come forward with rebuttal evidence." (Citations omitted.) *Ellis v. Curtis-Toledo, Inc.*, 204 Ga. App. 704, 705 (420 SE2d 756) (1992).

Here, in support of its motion, Pierce Roofing relied on its complaint, the Kellys' answer, the affidavit of J. C. Pierce, the affidavit of Dennis Kelly, Pierce Roofing's materialman's lien, and the judgment obtained by Pierce Roofing against Associated Interiors. The Kellys presented no evidence in rebuttal, relying on their answer which stated that they were without sufficient knowledge to form an opinion as to whether Pierce Roofing's allegation that it completed its contract with Associated Interiors was true or not. They contend they were not required to respond to the motion because Pierce Roofing failed to establish a prima facie case. They claim Pierce Roofing's judgment against Associated Interiors does not establish prima facie evidence that Pierce Roofing substantially complied with their contract.

We disagree. While the Kellys are correct in claiming that a materialman's default judgment against a contractor is not *binding* on the owners, see *Tri-State Culvert Mfg. v. Crum*, 139 Ga. App. 448 (228 SE2d 403) (1976), it does not follow that the judgment cannot be used as prima facie evidence of substantial compliance with the contract. In this instance, a default judgment operates as an admission by the contractor " 'of the truth of the definite and certain allegations . . . of the declaration.' " *Stroud v. Elias*, 247 Ga. 191, 193 (275 SE2d 46) (1981). Thus, one of the allegations established is that Pierce completed the work required by the contract. Accordingly, we find Pierce Roofing's judgment against the contractor is prima facie evidence that Pierce substantially complied with its contract. Therefore, the Kellys could not rest on the pleadings, but were required to come forward and point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e); *Lau's Corp.*, supra at 491. Because they failed to do so, Pierce Roofing was entitled to summary judgment on its claim.

3. The Kellys also claim the trial court erred in denying their motion to file a permissive counterclaim. Pierce Roofing filed its complaint on April 11, 1991, and the Kellys filed a motion to file a counterclaim on October 28, 1994. The Kellys stated in their motion they had only recently discovered damage due to the roof's having been improperly installed.

"A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading. Permission of the court is a necessary prerequisite to the supplemental pleading of a counterclaim under . . . OCGA § 9-11-13 (e) and the decision to grant or deny the motion is totally within the trial court's discretion." (Ci-

tation and punctuation omitted.) *Feifer v. Reliance Kitchens, USA,* 189 Ga. App. 653, 655 (377 SE2d 28) (1988). Here, defendants requested permission to file a counterclaim on the date of the hearing on Pierce Roofing's motion for judgment on the pleadings.

Pierce Roofing contends the trial court considered the Kellys' request to file a counterclaim at the hearing on the 28th. The Kellys contend the trial court "should have held a hearing to determine whether Appellants' counterclaim was appropriate." Since there is no transcript of the October 28, 1994 hearing, we are unable to determine whether or not the court considered the motion. In any event, there is nothing before us which shows any abuse of discretion by the trial court in denying this motion. Accordingly, we find this enumeration of error to be without merit. *Nickerson v. Candler Bldg.,* 156 Ga. App. 396, 400 (274 SE2d 582) (1980).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 28, 1996.

*Peter H. Strott,* for appellants.
*Robert E. Lanyon,* for appellee.