A98A0611. ENTERTAINMENT SALES COMPANY v. SNK, INC.
(502 SE2d 263)

BLACKBURN, Judge.

Entertainment Sales Company d/b/a Entertainment Sales, Inc. (ESI), appeals the superior court's grant of summary judgment to SNK, Inc. (SNK) on ESI's breach of contract claim. We affirm.

SNK manufactures video arcade games and sells them to distributors. ESI is a distributor and has bought arcade games from SNK. Both ESI and SNK agree they are "merchants" within the meaning of the Uniform Commercial Code (UCC). In 1993, according to ESI's president, SNK stopped supplying ESI, opting instead to distribute its arcade games through another larger distributor. When ESI was unable to get the arcade games it needed to resell to its customers, it sued SNK and others alleging tortious interference with business relations and breach of contract. The trial court granted SNK's motion for summary judgment as to both claims. ESI appeals only the grant of summary judgment on the breach of contract claim.

On appeal from a trial court's grant of summary judgment, this Court conducts a de novo review of the evidence. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993). "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the non-moving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "The movant has the original burden of making this showing. Once the movant has made a prima facie showing that it is entitled to judgment as a matter of law, the burden shifts to the respondent to come forward with rebuttal evidence." (Punctuation omitted.) *Kelly v. Pierce Roofing Co.*, 220 Ga. App. 391, 392-393 (2) (469 SE2d 469) (1996). In rebutting this prima facie case, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his

response, by affidavits or as otherwise provided in [OCGA § 9-11-56] must set forth specific facts showing that there is a genuine issue for trial." OCGA § 9-11-56 (e). See also *Lau's Corp.*, supra.

The evidence, viewed in the light most favorable to ESI, reveals that ESI had a history of purchasing video arcade games from SNK by telephone. Only on "some" occasions would ESI follow up on its phone orders by transmitting facsimile purchase orders. ESI's method of placing orders was rather informal because, as its president explained, ESI had to meet the unpredictable demands of its customers, the arcade operators. Those orders "as a general rule of thumb . . . are not firm committed." In turn, orders placed between distributor and manufacturer are only a "little bit more" firm.

In September 1993, ESI sought to purchase from SNK several "Samurai Showdown" coin-operated video arcade games. Between September and December 1993, ESI's president placed what he called "verbal purchase orders" with SNK. The SNK representatives with whom ESI's president spoke were not deposed and SNK does not admit any contract was formed. In addition to ESI's having placed a verbal order, the evidence adduced shows only that ESI prepared three purchase orders for the arcade games. ESI's president admits that the first order was placed by telephone and that the corresponding written purchase order was never sent to SNK. He speculates that the remaining two purchase orders may have been transmitted to SNK by facsimile, but he cannot confirm this because he did not place or fax the orders himself nor could he produce any printed confirmation of a transmission. The person who may have prepared those purchase orders did not give an affidavit nor was he deposed. Further, there is no testimonial or documentary evidence in the record that SNK actually received the orders. ESI's president stated in his affidavit that he later called an SNK sales representative who informed him that SNK would not fill ESI's purchase orders. Contrary to ESI's argument, a juror could not reasonably infer from this statement that written or facsimile purchase orders were either sent or received because in the context of this affidavit, the term "purchase order" included a verbal order.

1. Any agreement made by SNK to sell ESI arcade games is unenforceable because the purchase orders allegedly evidencing that agreement do not form a writing sufficient to avoid the application of the UCC's statute of frauds, OCGA § 11-2-201. That Code section provides in pertinent part that "a contract for the sale of goods . . . is not enforceable . . . unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought." OCGA § 11-2-201 (1). In this case, ESI's purchase orders are not signed by any employee or authorized agent of SNK. Consequently, the writing

does not satisfy OCGA § 11-2-201 (1) and, absent an applicable exception, is unenforceable against SNK. *Harris v. Hine*, 232 Ga. 183, 185-186 (1) (205 SE2d 847) (1974).

ESI argues that the purchase orders are sufficient writings under OCGA § 11-2-201 (1), though unsigned, because the purchase orders constitute written confirmation of an oral contract pursuant to OCGA § 11-2-201 (2). However, to avail itself of this statutory exception to the statute of frauds, ESI must present some evidence from which a jury could infer that SNK *received* the pertinent purchase orders and had an opportunity to repudiate the orders within ten days as provided in OCGA § 11-2-201 (2). Id.; see *JEM Patents v. Frost*, 147 Ga. App. 839 (250 SE2d 547) (1978). In this case, there is no evidence that SNK received the purchase orders at issue. ESI established only that it occasionally followed its phone orders with facsimile purchase orders. ESI's president testified that he did not mail or fax to SNK any of the purchase orders at issue. Moreover, he testified that although his sales representative "usually" followed up on his orders with facsimiles, he had no personal knowledge whether that employee did so in this case. No one established that the three purchase orders at issue were ever sent to SNK. Consequently, there is no competent evidence from which a jury could infer that the purchase orders were received by SNK. See, e.g., *Greene v. Jenkins*, 224 Ga. App. 640, 644 (2) (481 SE2d 617) (1997) ("[S]peculation and conjecture cannot form the basis of an inference.").

2. Because ESI failed to adduce evidence from which a jury could infer the existence of a writing sufficient to avoid the application of the UCC's statute of frauds, the trial court correctly determined any agreement was unenforceable and properly granted SNK summary judgment on ESI's breach of contract claim. Our resolution of this issue in SNK's favor renders ESI's remaining enumerations of error moot. Therefore, we do not address them.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED APRIL 15, 1998 —
RECONSIDERATION DENIED MAY 27, 1998.

*Waycaster, Morris, Johnson & Dean, R. Leslie Waycaster, Jr.*, for appellant.

*Fellows, Johnson, Davis & La Briola, Henry D. Fellows, Jr., David C. Keating*, for appellee.