A01A0651. SNIPES et al. v. HOUSING AUTHORITY OF DEKALB COUNTY et al.
(552 SE2d 133)

ELDRIDGE, Judge.

Mr. and Mrs. Snipes, individually and on behalf of their daughter T. S., appeal from the trial court's grant of summary judgment to the Housing Authority of DeKalb County; Spring Chase, Inc.; Southeast RS, Inc. d/b/a Trammell Crow Residential Services-Southeast; and Property Dynamics, Inc. in their suit for damages arising out of an assault on T. S. at Spring Chase Apartments. Some six depositions were taken in the case and were relied upon by all the parties in their briefs and arguments for the grant of summary judgment. The trial court in granting the motions for summary judgment did not consider the depositions, because some party or parties failed to file the depositions with the clerk or cannot now be found by the clerk, if filed. There is a dispute as to who made the request to file the depositions, where the original depositions are now, and whether the trial court relied upon the citation to the depositions in ruling on the motions. Thus, as a matter of fundamental fairness and justice, we vacate all the judgments and remand with directions that the trial court consider all the original depositions or replacement copies certified by the court reporter prior to ruling on the motions; the trial court is not to consider any other subsequently filed evidence after the date of grant of the summary judgment other than the six depositions or the replacement copies.

The defendants as well as the plaintiffs were under the belief that the six depositions were filed with the Clerk of the Superior Court of DeKalb County at the time that the trial court considered and ruled upon the motions for summary judgment, because citations were made to such depositions in trial briefs before the trial court by all the parties. Since all the parties before the trial court relied upon the depositions in their briefs in the trial court, then it must be inferred that the trial court relied upon such citation to such depositions made either by brief or oral argument as if the depositions were filed and opened in deciding such motions. The trial judge must be presumed to know the law and to have "faithfully and law-

fully performed the duties devolving upon it by law." *Sullivan v. Brownlee*, 174 Ga. App. 813, 814 (1) (331 SE2d 622) (1985). In this case, such involved the consideration of deposition evidence relied upon by movants by the trial court by brief but not filed of record as well as the respondents. Thus, this Court infers that the trial court considered such depositions in rendering its judgments, although not properly filed with the trial court clerk. See *Green v. Sun Trust Banks*, 197 Ga. App. 804, 805 (1) (399 SE2d 712) (1990). Defendants in making their motions for summary judgment treated the depositions as filed with the Clerk of DeKalb Superior Court, but no one today can find the originals. Therefore, since the trial lawyers and trial judge believed that the depositions were filed with the clerk, then we remand the case for the trial judge to in fact reconsider the motions with the filed copies of the depositions as if filed at the time that the motions were filed. See *Miller Grading &c. v. Ga. Fed. Sav. &c. Assn.*, 247 Ga. 730, 734 (3) (279 SE2d 442) (1981). Thus, we vacate and remand with direction that such depositions be considered. See *Whisenant v. Fulton Fed. Sav. &c. Assn.*, 194 Ga. App. 192 (390 SE2d 100) (1990); compare *Dominiak v. Camden Tel. &c. Co.*, 205 Ga. App. 620, 623 (422 SE2d 887) (1992); *Sheffield v. Darby*, 244 Ga. App. 437 (1) (535 SE2d 776) (2000).

*Judgments vacated and remanded with directions. Johnson, P. J., Smith, P. J., Ruffin, Miller and Ellington, JJ., concur. Andrews, P. J., dissents.*

ANDREWS, Presiding Judge, dissenting.

I must vigorously dissent from the majority's opinion which, basically, ignores all procedural requirements for summary judgment proceedings in trial courts as well as our appellate standards for review of lower court actions.

Appellants' motion to supplement the record with six depositions was filed in this Court on January 12, 2001. The order granting summary judgment was entered by the trial court on November 5, 1999, and this case was docketed here on November 20, 2000. On January 21, 2001, appellants also filed a motion in the trial court to supplement the record with the same six depositions, which depositions were filed in the trial court during January 2001.[1] While granting this motion by order of March 1, 2001,[2] the trial court noted that it "disagree[d] with [appellants'] assessment of its reliance on the depositions at issue" in granting the summary judgment to defendants/appellees. *It is not disputed that these six depositions were not filed of*

---

[1] Opposition to the motion to supplement was filed by all defendants/appellees in this Court.

[2] This order renders the motion to supplement pending before this Court moot.

*record in the trial court at the time the motion for summary judgment was filed by defendants/appellees and ruled upon by the trial court.*[3]

> "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "The movant has the original burden of making this showing. Once the movant has made a prima facie showing that it is entitled to judgment as a matter of law, *the burden shifts to the respondent to come forward with rebuttal evidence.*" (Punctuation omitted.) *Kelly v. Pierce Roofing Co.*, 220 Ga. App. 391, 392-393 (2) (469 SE2d 469) (1996). *In rebutting this prima facie case, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in (OCGA § 9-11-56)[,] must set forth specific facts showing that there is a genuine issue for trial."* OCGA § 9-11-56 (e). See also *Lau's Corp.*, supra.

(Emphasis supplied.) *Entertainment Sales Co. v. SNK, Inc.*, 232 Ga. App. 669-670 (502 SE2d 263) (1998).

Prior to the majority's carte blanche approach to civil procedure, a party either making or opposing a summary judgment motion had the burden of filing depositions and other discovery material upon which the party relied in making or opposing the motion. *Sheffield v. Zilis*, 170 Ga. App. 62, 64 (2) (316 SE2d 493) (1984). See also OCGA § 9-11-29.1; *Whisenant v. Fulton Fed. Sav. &c. Assn.*, 194 Ga. App. 192, 193 (390 SE2d 100) (1990); *Jacobsen v. Muller*, 181 Ga. App. 382, 383 (3) (352 SE2d 604) (1986). Now, apparently, if a party merely alludes to depositions not on file with the court, that satisfies the burden, according to the majority.

The numerous statements in the parties' briefs regarding who had the originals of these six depositions and the contents of them cannot be considered here, as acknowledged by the majority. *Riverbend Ford-Mercury v. Kirksey*, 196 Ga. App. 307, 308 (395 SE2d 898) (1990). All that is apparent from the record before us, even considering the supplemental record provided pursuant to the trial court's grant of the motion to supplement, is that plaintiffs/appellants did not file, in opposition to the motions for summary judgment

---

[3] The majority's contention that these depositions are now not to be found is, at a minimum, disingenuous.

filed by defendants/appellees below, the depositions upon which they rely here in an effort to reverse the trial court's grant of summary judgment.[4] While this Court may remand to a trial court for reconsideration of a summary judgment motion in light of depositions which, *while timely filed in the trial court*, remained sealed upon filing in this Court, *Miller Grading &c. v. Ga. Fed. Sav. &c. Assn.*, 247 Ga. 730, 734 (3) (279 SE2d 442) (1981), that is *not* the situation here.

The majority's citations to the record allegedly showing reliance by all parties below on the disputed depositions are, at a minimum, misleading. For example, the references in the second paragraph of the majority opinion are to, respectively, a certificate of service for an application for leave of absence of counsel, the second and fourth pages of appellants' amended and restated complaint, the first and second pages of Trammell Crow's answer to the amended and restated complaint, and the second page of defendant Property Dynamics' motion for summary judgment, along with portions of the statement of facts of its brief in support thereof. While Property Dynamics' statement of facts and brief do refer to portions of some of the disputed depositions, the majority ignores the fact that Trammell Crow did file portions of these disputed depositions which were, therefore, properly before the trial court and could be relied upon by other parties. *Mountain Bound*, supra.

On appeal, the burden is on the appellant to establish error. See, e.g., *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16) (1981). "Clearly it is not the function of the appellate court to prosecute an appeal on appellant's behalf." Id. at 465.

The depositions contained in the supplemental record, having not been filed below by plaintiffs/appellants in response to the motions for summary judgment and, therefore, having not been before the trial court or relied upon by the trial court in deciding the defendants/appellees' motions for summary judgment, should not and, prior to the majority's rewriting of trial and appellate procedure, would not have been considered here, or below, now. *Dominiak v. Camden Tel. &c. Co.*, 205 Ga. App. 620, 623 (3) (422 SE2d 887) (1992); see also *Sheffield v. Darby*, 244 Ga. App. 437 (1) (535 SE2d 776) (2000).

I dissent.

---

[4] Defendants/appellees did, in moving for summary judgment, attach copies of the portions of some of the depositions at issue upon which they relied, which is appropriate. *Mountain Bound v. Alliant FoodService*, 242 Ga. App. 557, 558 (1) (530 SE2d 272) (2000).

DECIDED JULY 13, 2001 —
RECONSIDERATION DENIED JULY 27, 2001.

*L. Katherine Adams, Guy J. Notte,* for appellants.
*Wasson, Sours & Harris, Gene E. Massafra, Devlin & Robinson, Mark E. Robinson, Seacrest, Karesh, Tate & Bicknese, Gary L. Seacrest, Jeffrey P. Raasch,* for appellees.