A01A1263. LITTLE TALLAPOOSA DEVELOPMENT, INC. et al.
v. BALDWIN PAVING COMPANY, INC.
(553 SE2d 860)

ELLINGTON, Judge.

Little Tallapoosa Development, Inc. and Freedom Land Company, LLC appeal the trial court's order granting summary judgment in favor of Baldwin Paving Company, Inc. on its complaint to foreclose upon a materialman's lien. Finding no error, we affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "The movant has the original burden of making this showing. Once the movant has made a prima facie showing that it is entitled to judgment as a matter of law, *the burden shifts to the respondent to come forward with rebuttal evidence.*" (Punctuation omitted; emphasis supplied.) *Kelly v. Pierce Roofing Co.*, 220 Ga. App. 391, 392-393 (2) (469 SE2d 469) (1996). "In rebutting this prima facie case, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in OCGA § 9-11-56[,] must set forth specific facts showing that there is a genuine issue for trial." (Punctuation omitted.) *Entertainment Sales Co. v. SNK, Inc.*, 232 Ga. App. 669-670 (502 SE2d 263) (1998). Our review is de novo, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *White v. BDO Seidman, LLP*, 249 Ga. App. 668, 669 (549 SE2d 490) (2001).

Viewed in the light most favorable to the appellants, the evidence showed the following facts: One of the appellants owns a parcel of real property being developed as Riverwood Subdivision, Phase II in Carrollton.[1] M. C. Contracting Company, the paving subcontractor, hired Baldwin Paving. On February 15, 2000, Baldwin Paving filed a claim of lien in the amount of $49,581.29 against the property. Still unpaid, Baldwin Paving filed a complaint seeking a judgment

---

[1] In their answer to Baldwin Paving's complaint, appellants denied owning the property. In an affidavit, Sheryl Moreland stated that she was the "sole director and officer" of both appellants and of "the [unnamed] corporation that owns" the subject property.

against M. C. Contracting and the property. M. C. Contracting defaulted, and the trial court entered judgment against it.

The appellants contend the trial court erred in granting summary judgment in favor of Baldwin Paving on the materialman's lien in that Baldwin Paving failed to rebut their defense of full payment by the owner. The appellants rely on the defense set out in OCGA § 44-14-361.1 (a) (4), as follows: "the owner of the real estate improved, who has paid the agreed price or any part of same, may set up the payment in any action brought and prove by competent and relevant evidence that the payments were applied as provided by law, and no judgment shall be rendered against the property improved." In *Browning v. Gaster Lumber Co.*, 267 Ga. 72, 73, 76-77 (475 SE2d 576) (1996), the Supreme Court of Georgia interpreted this provision and held that under OCGA § 44-14-361.1 (a) (4), an owner may defeat a lien by proving that it paid the contractor the contract price *and* that the payments were ultimately disbursed to all materialmen before the filing of any materialman's liens. The Court suggested that owners protect themselves by contractually conditioning payment to contractors on receipt of "lien waivers or documentary proof of payment from the materialmen and laborers used in the project." Id. at 76-77. As the appellants contend, on summary judgment the initial burden is on the materialman to come forward with evidence to negate the owner's defense of payment. *Corp. of the Presiding Bishop &c. v. Allied Ready Mix*, 201 Ga. App. 873, 874 (412 SE2d 622) (1991).

In this case, the default judgment against M. C. Contracting is prima facie evidence that Baldwin Paving complied with its contract with M. C. Contracting and furnished labor and materials to the improvement of the property. *Kelly v. Pierce Roofing Co.*, 220 Ga. App. at 393 (2). The default judgment is also prima facie evidence that M. C. Contracting refused to pay Baldwin Paving. Id. Therefore, the appellants could not rest on the pleadings, but bore the burden of coming forward with specific evidence showing that the payments which it made on the construction contract price were "properly disbursed by the contractor to those having valid claims for labor and materials." (Citations omitted.) *Browning v. Gaster Lumber Co.*, 267 Ga. at 76. The appellants failed to produce any lien waiver or other documentary proof that M. C. Contracting paid Baldwin Paving for the labor and materials it furnished and, therefore, failed to rebut Baldwin Paving's prima facie case. Id. at 76-77. Accordingly, Baldwin Paving was entitled to summary judgment on its claim. *Kelly v. Pierce Roofing Co.*, 220 Ga. App. at 393 (2).

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 16, 2001.

*Gregory E. Stuhler*, for appellants.
*Downey & Cleveland, Sean L. Hynes*, for appellee.